{ M'Coy *against* Reed.

Though an adjudication of money to a younger execution creditor on the basis of official misconduct, will not protect the officer from the action of a party injured, yet in an action against a sheriff for official misconduct, it is, *prima facie,* a sufficient defence for him, that he brought the money into court, and that it was adjudged to another than the plaintiff; and in order to entitle himself upon his pleadings, to rebut this evidence, the plaintiff must lay in his declaration, and prove, that he lost the money and that the adjudication was made against him in consequence of the official misconduct of the defendant.

But an execution cannot, under any circumstances, be postponed for the officer's default. His procrastination, even by the sufferance of the creditor, is not fraudulent *per se,* and postpones only where the latter directs him not to proceed.

ERROR to the common pleas of *Columbia* county.
This was an action in the name of the commonwealth for the use

[M'Coy v. Reed.]

of William M'Coy, against Isaiah Reed, sheriff, upon his official bond. A declaration was filed upon the bond, and the following breach assigned:

"And the said plaintiff, as a breach of the condition of said bond, alleges, that the said Isaiah Reed did not perform the duties of the office of sheriff of the said county, for that he neglected to advertise and expose to sale the property levied upon by him by virtue of a writ of *fieri facias*, issued out of the court of common pleas of Columbia county, to the term of August 1833, No. 50, in the case of William M'Coy *v.* Jonathan Lodge, (as appears by the records of the said suit) and that the said sheriff has not returned the said writ, and has not paid to the said plaintiff or his attorney the amount endorsed on the said execution, as due to him, viz: the sum of 300 dollars, with interest from the 13th day of August 1828, till the 29th of July 1833, and thence interest on the whole amount till this day," &c.

To which the defendant pleaded: "that true it is he received the execution, as mentioned in the breach, on the 31st of July 1833. That he did levy the said execution on the property of Jonathan Lodge, the defendant, on said day, which is particularly described in the endorsement on the said execution, and that he, also, on the 29th of November 1833, received a *testatum fieri facias*, in favour of Robert Simonton and others *v.* J. Lodge, issued out of the court of common pleas of Northumberland county, tested the first Monday of September 1833, for the sum of 318 dollars 98 cents, to execute while the aforesaid execution of M'Coy was in his hands, and after the same had been levied—that he levied the execution of Simonton and others aforementioned, on the same property that he had previously levied as aforesaid, subject to previous levy—that he advertised according to law to sell said property by virtue of sundry executions, on the 24th of December 1833, and sold said property by virtue of sundry executions—the two executions above named being the executions in his hands; that the sum of 242 dollars 6 cents, was raised by said sale; that he paid the money into court, by order of court, at the instance and motion of the plaintiff and Simonton *et al.* That a feigned issue was directed by the court at the mutual application and consent of M'Coy and Simonton *et al.,* to ascertain to whom the money belonged, viz: M'Coy or Simonton *et al;* and M'Coy employed counsel to try said issue, and claimed the money, and on the trial of the aforesaid issue, the money was awarded and decreed to Simonton *et al.,* which he is ready to verify."

Replication. "And the said commonwealth, as to the plea of the said Isaiah Reed, above pleaded, saith that the said commonwealth, by reason of any thing by the said Isaiah in that plea alleged, ought not to be barred from having or maintaining her aforesaid action thereof against him, because she says that the said Isaiah did not pay the said money into court as is alleged in the said plea, and that the said Isaiah Reed was called by the defendant in the said issue,

[M'Coy v. Reed.]

and was sworn and examined as a witness therein, and was the only witness who deposed to the facts necessary to enable the defendant to maintain his defence therein; and this he is ready to verify— wherefore he prays judgment and his damages by him sustained on the occasion of the non-performance of the matters set forth in the said declaration and breach."

To this replication the defendant demurred, and the plaintiff joined in the demurrer.

. Whereupon the Court rendered a judgment for the defendant.

*Donnel* and *Greenough*, for plaintiff in error.
*Cooper* and *Bancroft*, contra.

The opinion of the Court was delivered by

GIBSON, C. J.—An adjudication of money to a younger judgment creditor on the basis of official misconduct, would certainly not protect the officer from the action of a party injured. But the presumption is primarily against culpability; and the fact of adjudication, as it appears in these pleadings, the ground of it not being disclosed, is sufficient for the defence in the first instance, provided the record be not precluded, for other causes, from operating between the parties. Granting the proceeding to be *res inter alios acta*, and not' *in rem*, for what was it 'introduced into the cause? Not to show the truth of the fact adjudicated, but that there was, in fact, an adjudication, a circumstance sufficient for the defence in the first instance. For this it is clear the record is competent, whether in favour of a party or a stranger. The distinction is a familiar one, and well illustrated in Gratz *v.* Burr, 4 *Wheat.* 213. Instead, then, of replying that the adjudication was founded on the sheriff's own testimony, the plaintiff's course, had his declaration permitted it, was to reply such facts as would have rebutted the presumption by showing misconduct in leaving the goods in the debtor's possession under circumstances of negligence that discharged the lien. But such was not the cause of action laid; and such a replication would consequently have been a departure from the declaration in which the breach assigned 'is an omission to advertise and sell, return the writ and pay over the money. The parties decline to take an advantage founded on pleading, and we are to decide the cause on its merits, rather as a case stated than a demurrer; and it remains to say whether there is a circumstance in it to show that the plaintiff's execution was postponed for the sheriff's negligence. The declaration contains no allegation of it; and the replication charges no more than that the court adjudicated exclusively on the sheriff's testimony; a circumstance not very likely to show that the inquiry had terminated in a conviction of his misconduct. But might it have been postponed, under any circumstances, for the default of the officer? According to the cases by which the law has been definitively settled with us, it might not. In Hickman and Black *v.* Caldwell, 4 *Rawle* 376, and the cases there cited, the rule appears to be that

the sheriff's procrastination, even by sufferance of the execution creditor, is not fraudulent *per se;* and that the latter is to be postponed only where he has directed the sheriff not to proceed. He must, therefore, have been postponed for his own, and not for the sheriff's laches; and neither on the pleadings, nor on the merits, does he seem to have a case to recover.

Judgment affirmed.