Per Curiam.
The defendants were the sureties of James T. Stockard, deceased, in his official bond as tax collector of Lafayette county; the plaintiffs were the publishers of a newspaper, and had inserted in their paper the tax collector’s advertise- *54 merits of sales for taxes, to an amount exceeding seven hundred dollars. This suit was brought on the official bond, in the name of the governor for the use of the publishers, to recover the amount of the bill for advertising. The defendants demurred to the declaration, which the court sustained. The causes of demurrer go directly to the right to sue on the official bond for a failure to pay such a demand-as this.
It is now insisted that the judgment on the demurrer was wrong, because, as the law, as it then stood, required the collector to advertise in a newspaper, it was part of his official duty to advertise, and of course to pay the printer. The condition of a collector’s bond is, that he shall well and truly collect and pay into the treasury of the state or county treasury, all the state and county taxes which shall be collected by him, according to law, and shall do and perform all other duties which pertain to his said office, &c. This condition covers nothing more than such duties as the statute prescribes. The law requires the collector to give notice of his sales in the nearest newspaper, but it makes no provision for paying for such advertisements. That is a matter between the collector and the publisher. It seems that the collector is authorized to sell a sufficient amount of property to pay the taxes and all the costs incident to the sale; that is, all that he may have expended in making the sale, but the bond is not a security for any services rendered to the collector by individuals. It is a security to the state and county only, and the sureties have a right to stand upon the strict terms of their contract. The demurrer was therefore properly sustained, and the judgment must be affirmed.