## Allen v. Delaware County, Appellant.

*Criminal law—Costs—Liability of county—Act of May 19, 1887.*

Under the act of May 19, 1887, P. L. 138, relating to costs in criminal
cases, the county is primarily liable to pay the costs in the first instance,
and then reimburse its treasury by the diligence of its officers against the
parties ultimately liable.

Where an indictment for a misdemeanor is ignored by the grand jury
and the prosecutor is ordered to pay the costs, the county is immediately
liable for the costs without any formal sentence being passed upon the
prosecutor by the court.

It seems that in the case of a verdict the liability of the county does not
accrue until sentence has been actually passed.

Argued Feb. 6, 1894.  Appeal, No. 143, June T., 1893, by
defendant, from order of C. P. Delaware Co., June T., 1893,
No. 143, entering judgment on case stated in favor of plaintiff,
J. M. Allen.  Before STERRETT, C. J., WILLIAMS, MITCHELL,
DEAN and FELL, JJ.  Affirmed.

Case stated.  Before CLAYTON, P. J.

The case stated was as follows:

" The plaintiff, J. M. Allen, is an alderman of the city of
Chester, and a warrant was regularly sworn out before him by
Antonio Demijo, charging one Rafaello Masi with assault and
battery.  After a hearing, the defendant was bound over to the
March session of the court of quarter sessions of the peace of
Delaware county, to answer the charge.

" The bill of indictment was regularly prepared by the district attorney of said county, charging the defendant with assault and battery on the prosecutor, and was sent before the grand jury, who ignored the bill and directed that the costs be paid by the prosecutor, Antonio Demijo. The prosecutor has not been sentenced to pay the costs, nor has he been found, although a bench warrant has been issued for him and placed in the hands of a sheriff.

" If, under this statement of facts, the county of Delaware is liable to pay the costs of prosecution out of the county stock, then judgment is to be entered for the plaintiff for $8.35. If not, " etc.

Judgment for plaintiff.   Defendant appealed.

*Error assigned* was above order.

*E. H. Hall*, county solicitor, *George E. Darlington* with him, for appellant, cited : Act of May 19, 1887, P. L. 138 ; Crawford Co. v. Barr, 92 Pa. 359 ; Com. v. Comrs., 4 S. & R. 541 ; Donohue v. Luzerne Co., 5 Kulp, 220 ; Piatt v. Luzerne Co., 5 Kulp, 517.

No paper-book filed or argument offered for appellee.

OPINION BY MR. JUSTICE MITCHELL, May 21, 1894 :

The act of May 19, 1887, P. L. 138, was passed to remedy an admitted hardship, by which the officers of justice and witnesses for the commonwealth, in cases of misdemeanors, were often unable to obtain the compensation due them under the law.   Section one of that act provided that the costs shall, " on the termination of the prosecution . . . . be immediately chargeable to and paid by the county."   This made the county primarily liable, and that such was the intent of the statute is rendered still clearer by the provision of section two that " the costs of the officers, including the costs of the justice of the peace and constable . . . . shall be chargeable to and paid by the proper county as soon as the case is disposed of by the order of the court; and it shall be the duty of the district attorney and county commissioners to use all due diligence to collect the costs from the party made liable therefor by the sentence or order of the court, and to pay the same into the county treasury."   Nothing could be plainer than the intent

that the county should pay in the first instance, and reimburse its treasury as it could by the diligence of its officers against the parties ultimately liable.

The only condition of the county's liability to pay is the termination of the prosecution, and that the statute declares may be either "by the bill of indictment being ignored by the grand jury, or by a verdict of a traverse jury and sentence of the court." This clause describes two modes in which the prosecution may be terminated, the ignoring of the indictment, or the sentence of the court upon a verdict. They are separate modes and each is equally effective with the other in bringing about the condition of liability, but the "sentence of the court" is a part of the second mode only. The ignoring of the indictment at once and ipso facto terminates the prosecution. Before the act of 1887 the grand jury were charged by the act of 31 March, 1860, § 62, with the duty of determining whether the county or the prosecutor should pay the costs, but if they simply ignored the bill without making any disposition of the costs, there was no sentence that the court could pronounce with any reference to the costs. The matter was ended. Neither the county nor the prosecutor had any further liability in regard to it. The act of 1887 in creating a liability of the county for costs in such case did not mean that the court should go through the superfluous formality of sentencing the county to pay, for the act itself expressly does that by the direction that the county shall be "immediately chargeable" with them. If, on the other hand, before the act of 1887, the grand jury in ignoring the bill made an order on the prosecutor as to costs, it was within the discretion of the court to enter such order as a sentence of the court, or to relieve against it by setting it aside. But under the act neither the existence of such an order, nor the action of the court upon it, enforcing or vacating it, makes the least difference as to the immediate liability of the county. There is no reason therefore for construing the requirement of a sentence as applicable to cases where it could only be the most superfluous technicality, totally without influence on the liability of the county which it was the purpose of the act to establish.

With regard however to a verdict, the case is entirely different. Without a sentence, which is the judgment of the court, the prosecution is not terminated but remains pending.

The verdict may be set aside, in which case it goes for naught, and a new trial must be had or a nolle prosequi entered before the question of costs can be disposed of, or the sentence may be suspended indefinitely, and the prisoner discharged without day, whereupon the county will become immediately liable for the costs, as was held in Wright v. Donaldson, 158 Pa. 88. In all such cases the sentence of the court is a substantial prerequisite to the termination of the prosecution, and there was good reason why the legislature required it to be pronounced before the county should become liable.

We are therefore of opinion that on the case stated judgment was properly entered for the plaintiff. The learned judge below was of the same opinion, but as a matter of caution entered a sentence on the finding of the grand jury against the prosecutor for the costs. This however was inadvertently entered in the common pleas in the present suit, and not in the quarter sessions on the indictment. It was of course a nullity, but as no sentence was necessary it may be treated as harmless surplusage.

Judgment affirmed.