State, for use, etc., *v.* Whitworth.

STATE, FOR USE, ETC., *v.* WHITWORTH.

(*Nashville.* February 17, 1897.)

1. BOND. *Liability of sureties on Clerk and Master's.*

The sureties on a Clerk and Master's bond are liable to printers for fees taxed and collected, but not paid over by their principal, for advertising sales and publishing nonresident notices. (*Post, pp. 264–268.*)

Code construed: §§ 6425, 3842, 3843 (S.), §§ 5336, 2973, 2974; (M. & V.); §§ 4585, 2149, 2150 (T. & S.).

Cases cited and distinguished: 84 Am. Dec., 518; 14 Miss., 51; 4 Strobhart, 30.

2. SAME. *Same.*

And the sureties on a Clerk and Master's bond cannot avoid liability for printers' fees for advertising sales and publishing nonresident notices which were taxed, collected, and withheld by their principal, upon the ground that the required affidavit of the printer, or his foreman, had not been filed. (*Post, pp. 267, 268.*)

Code construed: § 6426 (S.).

---

FROM DAVIDSON.

---

Appeal from Chancery Court of Davidson County. H. H. COOK, Ch.

CHARLES N. BURCH for State.

JORDAN STOKES and P. D. MADDIN for Whitworth.

WILKES, J.   The bills in these cases were filed for the purpose of collecting from the sureties of George K. Whitworth, former Clerk and Master of the Chancery Court for Davidson County, certain fees for advertisement of chancery sales and non-resident notices, made by order of the Court of which he was Clerk and Master.

It is conceded that the Clerk and Master taxed up in the bills of costs and collected the various amounts in controversy, and that he failed to pay over the same to the complainants, and his liability personally for the same is not contested.   The sureties contend that these fees, thus taxed and collected, are individual liabilities of the Clerk and Master, and the sureties upon his bond are not liable therefor, and we are cited to several decisions from other States so holding.   *Commonwealth* v. *Swope*, 45 Pa., 535 (84 Am. Dec., 518); *Brown* v. *Phipps*, 14 Miss., 51; *Allen* v. *Ramsey*, 4 Strobhart (S. C.), 30; Throop on Public Officers, Sec. 257; Brandt on Suretyship, Sec. 533.

It is only necessary to say that the determination of the matter must depend upon the proper construction of our own statutes and the practice of our own Courts.

In *Commonwealth* v. *Swope*, 84 Am. Dec., 518, the Court says: "The fee bill does not provide for the printer's cost, and though the Sheriff is given fees for advertising in certain cases, yet no act of Assembly recognizes any interest of the printer."

In *Brown* v. *Phipps*, 14 Miss., 51, it was held that the advertisement of tax sales was a matter of private contract between the tax collector and printer. The law did not fix the printer's fees, and made no provision for their payment.

In *Allen* v. *Ramsay*, 4 Strobhart (S. C.), 30, it is said: "The Circuit Judge held the amount of the printer's bill depended upon the contract between him and the Sheriff, was not regulated by law, and, therefore, did not fall within the denomination of fees that the printer might recover from the Sheriff for his services, whether the Sheriff collected from the debtor or not, and hence the collection by the Sheriff imposed no liability on his sureties."

It is evident all these cases are based upon the theory that the law allows compensation or fees to the Sheriff for such publications, but does not recognize the printer in the matter, leaving it to the Sheriff to make such contracts as he may see fit or be able to do with the printer, and being responsible therefor. The idea is, that the work is done for the Sheriff, and not for the parties, and the sureties are no more liable for this service rendered the Sheriff by the printer than they would be to one who hired the Sheriff a horse or vehicle to enable him to execute process. But we think this is not the theory of our law nor the practice of our Courts. The Code (M. & V.), § 5336, prescribes what fees printers are entitled to receive for

printing legal notices. The Acts of 1887, Ch. 229 (Shannon, § 6426), sets out the fees for notices of sale, attachment, and nonresident notices, and also provides that the Clerk of the Court shall require the affidavit of the publisher, or his foreman, that the notice has appeared the required number of times, and file the same as proof in the cause.

The Code (Shannon), § 3842, prescribes the contents of an advertisement of sales of land, and § 3843 provides for payment, as follows: "The printer's fee shall be eighty cents per square for the first insertion, and forty cents per square for each subsequent insertion, to be taxed, collected, and paid as other costs in the suit, or expense of sale, as the case may be."

It will be seen that, contrary to the rules laid down in the cases cited, our statutes fix the amount of fees, and state that they are to be taxed in the costs, and be collected and paid as other costs. The advertisement is, therefore, recognized as an official act of the officer, and becomes one of his duties, and the Clerk and Master is liable for such fees collected, as he is for those of Sheriffs, Notaries, and other officers and witnesses, and for default in regard to them his sureties also become liable.

The advertisement of nonresident notices is governed by the same rules. Shannon, §§ 6425, 6426. And while there is no provision in so many words that fees for their publication shall be taxed in the bill of costs, and collected as other costs, still such

is the plain intent and meaning of the law. The publication is in lieu of personal process, and the fees for publication are in lieu of the fees for service of personal process. In this case, as a matter of fact, they were taxed up as part of the costs, and so collected.

It will be noticed that our law fixes the printer's fee just as it does the Sheriff's, and it is not left to private agreement between the Sheriff and printer to fix the amount. The printer becomes a party interested in the costs, just as the Sheriff or other official is.

The cases to which we have been cited by defendants show that the amounts of fees were not fixed by law, but were left to private contract between the Sheriff and the printer, and in these cases the law made no provision for taxing and collecting such printer's fees. The whole theory of our law and course of practice is to tax up such printer's fees as part of the costs, and in so doing, as well as in collecting such costs, the Clerk and Master acts in his official, and not his individual, character, and for his defaults in regard to such fees his sureties are liable.

It is next insisted that it is not shown that the affidavit of the printer or his foreman was furnished in the cases for which fees are charged, as is required under the Code (Shannon), § 6426.

This question is one that affects the party against whom such costs were taxed, and it may be mate-

rial in other views of the case, but it appears in this case that, whether such affidavits were made or not, the fees were collected. It will be presumed that the Clerk did his duty in requiring the affidavit before he paid the fees, in the absence of all proof on the question, and, the Clerk and Master having collected such fees, these sureties cannot defend against their liability upon this ground. Besides, this defense is not made in the pleadings.

We think there is no error in the decree of the Court of Chancery Appeals, holding the sureties liable for such fees, and it is affirmed in each case.