PIERCE GOULD, WINFIELD S. QUIGLEY, JOSEPH H. GOULD, GEORGE W. VERNON and DANIEL F. STEWART, plaintiffs in error, *vs.* use of THE NEWS PUBLISHING COMPANY, a corporation of the State of Delaware, defendant in error.

*Writ of Error—Case Stated—Sheriff's Recognizance—Liability for Printer's Bill—Statute; Construction Of.*

1. The sureties on a sheriff's official recognizance are not liable to a printer for advertizing notices of sales of real estate, although it was the duty of the sheriff to cause such advertisement to be made.

2. Case of *Use of News Publishing Company vs. Gould, et. al., 1 Pennewill, 366*, overruled.

(*June 18, 1900.*)

NICHOLSON, Ch., and PENNEWILL and BOYCE, J. J., sitting.

Supreme Court, June term, 1900.

WRIT OF ERROR to the Superior Court in and for New Castle County.

*Per Curiam:*

This was an action of debt on the official recognizance of Pierce Gould, sheriff of New Castle County, for the recovery of the amount claimed to be due and owing to the plaintiff below for printing in its newspaper, at the request of the said sheriff, certain notices of sales made under execution process, and for which the sheriff received the money from the parties to the execution proceedings.

The Court below, upon a case stated, rendered judgment in favor of the plaintiff, and this is assigned as error.

The question raised by the assignment of error, and to be determined by this Court, is whether the sheriff was so liable to the plaintiff below as to bind the sureties in his official recognizance.

The statutes bearing more or less on the question are as follows:

*Section 23, Chap. 111, Rev. Code, 835*—"Notice of such sale as aforesaid" (lands and tenements under execution process), "shall also be advertised for two weeks previous to the time of said sale in two newspapers of the county wherein the said property is situated to be settled by the sheriff: *Provided* that not more than three insertions per week shall be made in any one newspaper; *and provided further*, that if there is only one newspaper published in said county at said time, the sheriff may select a newspaper in one of the other counties, and if there shall be no newspaper in said county he may select two in the other counties; *and provided further*, that the publishers of said newspapers shall not be paid for such advertising a higher rate than their ordinary charges for transient advertisements."

*Chap. 125, Rev. Code, 895* (of the fees of public officers) provides, that for advertising in newspapers under Section 23 of Chapter 111, the sheriff shall receive such fee as shall be allowed by the Court.

*Section 9, Chapter 24, Rev. Code, 237*, provided that the condition of the sheriff's recognizance should be as follows: "That the said sheriff shall and do well and truly serve and execute all writs and processes to him directed, without delay, and shall from time to time, upon request to him made for that purpose well and truly pay or cause to be paid to the several suitors and parties interested therein, their lawful agent, factors, or assigns, and to the several officers all and every sum and sums of money to them respectively belonging which shall come to his hands, or which it shall be his

duty to collect and receive; and receive, collect, and pay over all public taxes whatsoever committed to him for collection; and shall and do from time to time and at all times during his continuation in office of sheriff, well and faithfully execute the said office, and perform in everything the duty in him reposed, then the said recognizance to be void, otherwise to be and remain in full force and virtue."

We have very carefully considered the arguments of the counsel in this case, and feel constrained to hold that there was error in the judgment rendered by the Court below.

It is true that the law directed the sheriff to publish the notices of sale for which recovery is sought in this action; and it is also true that the sheriff is not permitted to pay for such service a higher rate than the ordinary rate for transient advertisements, and could receive only such fee as the Court might allow. But it does not necessarily follow, that because the duty to advertise is imposed upon the sheriff by the statute, and the sheriff's fee therefor allowed by the Court, the failure to pay for the advertising would be a breach of the official duty of the sheriff for which the sureties on his recognizance would be liable. Although it is made the duty of the officer to have the printing done, nevertheless the contract or agreement therefor is between the sheriff and the printer. The Court allows the sheriff, and not the printer, his fees or compensation for the advertising, and we are unable to escape the conclusion that when such fees are paid to the sheriff they belong to him individually, and not officially so as to be within the condition of his recognizance.

And moreover it must be borne in mind in the consideration if this question, that the action is based on the recognizance of the sheriff, and the plaintiff, in order to recover, must show that it is one of the parties protected by said recognizance. Who are the parties so protected? The recognizance is conditioned for the performance of the sheriff's official duty, and for the payment to suitors and parties interested in the writs and processes in his hands

all sums of money to them respectively belonging. Certainly the plaintiff below was not a suitor within the meaning of the statute prescribing the condition of the recognizance; and therefore if it be entitled to recover in this case it is because of the failure or refusal of the sheriff to pay over money to it as a party interested in the writs or process in the sheriff's hands. But it surely cannot be contended that the person whom the sheriff secures to print the notices of sale is a *party interested* in such writs or process within the meaning of said statute. The printer can be *interested* only in obtaining his money from the sheriff because of his employment by the sheriff; and, as very pertinently observed by the learned Judge in the Pennsylvania cased cited below, "it is a matter of indifference to the printer whether the writs are executed or not."

In the construction of our own statute a decision of a Court of another State is ordinarily entitled to but little weight. But where the statutes of the two States are strikingly similar, and the facts in the two cases substantially the same, greater consideration may be given to the adjudication of the foreign tribunal. And more especially is this so when the reasoning of the Court seems particularly sound and convincing: The case of *Commonwealth vs. Swope, et. al., 45 Pa., 535*, is very much like the one now before us both in the statutes and facts involved. And the opinion of the Court, while very brief, seems to us to be strong and reasonable. In that case Strong, J., in delivering the opinion of the Court, said: "A sheriff's recognizance is conditioned for the discharge of his official duty, and for the payment to suitors and parties interested in the execution of writs and process, the money belonging to them which shall come to his hands. To that extent his sureties are bound, but no further. Are they then liable for a printer's bill for advertisements ordered by the sheriff, of sales and partition of real property, of notices of audits, of inquisitions, and rules in the Orphans' Court to accept or refuse real estate at a valuation, or show cause why it should not be sold? It may be conceded that it is a sheriff's duty to cause such notices to be given. Certainly it is

to give some of them, made such by acts of Assembly. Failure to give such notices would therefore be a breach of his official duty, for which his sureties would be liable. But the printer who publishes the notices does his work for the sheriff, and not for the parties. His position is no better than that of a sheriff's deputy, or of one who lets to him a horse or a vehicle, to enable him to execute process. It does not follow, because the duty to advertise is official, the duty to pay is also official. Nor is a printer of advertisements a party interested in the execution of writs or process. He has no lien upon the property ordered to be sold. To him it is a matter of indifference whether the writs are executed or not. The fee-bill does not provide for his case, and though the sheriff is given fees for advertising in certain cases, yet no act of Assembly recognizes any interest of a printer, or deputy, or livery-stable keeper, or stationer, who may have aided a sheriff in the performance of his duties, in any money which he may collect. Such persons, therefore, are not protected by a sheriff's recognizance." This case does seem to us to be substantially identical with our own, and the opinion of the Court impresses us as being not only clear and concise, but sound and reasonable.

After a very careful consideration of the case at bar, we have been forced irresistibly to the conclusion that the sureties in the official recognizance of the sheriff are not liable for the printing bill sought to be recovered in this action.

It is ordered, therefore, that the judgment of the Court below be reversed.

*Benjamin Nields* for plaintiffs in error; *Anthony Higgins* for defendant in error.