THE MAYOR AND ALDERMEN OF JERSEY CITY ET AL., PLAINTIFFS IN ERROR, v. GEORGE J. SCHOPPE ET AL.. DEFENDANTS IN ERROR.

Submitted December 11, 1911—Decided March 14, 1912.

Where a constable was directed by a writ of attachment to attach the goods of the defendant named therein, and accepted from defendant the amount of the plaintiff's claim and costs, and paid the same to the plaintiff's attorneys, and thereafter the defendant in the writ succeeded upon the trial of the action and the constable failed to return to him the money deposited— *Held*, in a suit upon the constable's bond for a forfeiture thereof, that the acts of the constable were not performed in furtherance of his duty, as prescribed by law. but were performed by him unofficially or *colore officii* and as such could not subject his sureties to liability on the bond.

On error to the Supreme Court.

For the plaintiffs in error, *Pierre Cook.*

For the defendants in error, *Marshall Van Winkle.*

The opinion of the court was delivered by

MINTURN, J.    While about to sail for Europe from Hoboken, the baggage of Stewart H. Elliott was attached by Constable George J. Schoppe on a writ of attachment issued out of the First District Court of Jersey City, at the suit of one Wallace H. Owen.    When the object of the constable's writ was announced, Elliott protested the correctness of the claim, but finally paid the amount with costs of suit to the constable, who gave Elliott a receipt and thereupon released the goods.

Instead of paying the money into court the constable turned it over to the attorney for the plaintiff in the writ, who gave him a receipt for it, and, upon the same day, the constable returned the writ into court, endorsed fully satisfied.

Elliott entered his appearace to the suit in due course, and a trial took place which resulted in a judgment in his favor. He then instituted this suit through the municipality, as the obligee named in the constable's bond, to have the same declared forfeited against the constable and his sureties.    The insistment made is that the payment of the money by the constable to the plaintiff's attorneys instead of turning it into court, was a breach of the condition of the bond, and legally worked its forfeiture.

The Hudson Circuit Court, sitting without a jury, resolved this contention against the plaintiff, and the legality of that adjudication is before us for review upon writ of error.

The constable's bond to the municipality contained the usual condition that, "If the said George J. Schoppe shall well and truly perform the duties of his said office of constable of Jersey City, then the above obligation to be void," &c.

The seventy-first section of the District Court act provides that the defendant in attachment may secure the release of the goods attached by giving bond "in double the value of the property attached conditioned for the return of the goods in case judgment shall go against him."

The eighteenth section of the act provides that instead of furnishing a bond he "may deposit a sum of money equal to

the bond or recognizance which sum shall be paid to the clerk of the court," &c.

It is the conspicuous fact in this case that, instead of complying with either of these alternatives, the defendant in the writ paid to the constable the exact amount of the plaintiff's demand with costs. It will be observed, therefore, that in accepting and receipting for this sum the constable was not acting *virtute officii,* but unofficially, and not in the due execution of the writ. The act prescribes the limitations of his duty, and the condition of the bond is limited to the faithful performance of such duty. The act performed by him, therefore, in accepting payment or satisfaction of the claim, was performed *colore officii* and clearly not *virtute officii.*

Liability of sureties upon a bond of this character, it may be said in passing, can attach only as a matter *strictissimi juris,* and so it has been held that "sureties for an officer are liable only in the event of his failure to perform his duty." If in the line of his duty he make a contract as agent for another, his sureties are not liable for the breach of that contract, as the contract is not the officer's. *Brown* v. *Phipps,* 14 *Miss.* 51; *Com.* v. *Swope,* 45 *Pa. St.* 535; *Parks* v. *Ross,* 11 *How.* (*U. S.*) 362.

These considerations have presented the test of liability in this state since the adjudication by the Supreme Court in 1860 of *State* v. *Conover,* 4 *Dutcher* 228. In that case Chief Justice Green, speaking for the court, referring to liability for acts done *colore officii,* or of an unofficial character, said: "In such case the officer is guilty of a tort, for which he is liable as an individual to the party injured, but it does not entitle the party to prosecute the officer on his bond."

Mr. Justice Haines, in the same case, defined acts done *colore officii* as "Unofficial acts committed under color of the office, such as cannot lawfully be done and cannot be justified by the official character of the sheriff, or by any process in his hands." Citing *Seeley* v. *Birdsall,* 15 *Johns.* 267; *Alerck* v. *Andrews,* 2 *Esp.* 540; *People* v. *Schuyler,* 4 *Comst.* 187.

Since its deliverance this adjudication has stood unquestioned in this state, and, although not followed by the Federal Supreme Court in *Lammon* v. *Feusier*, 111 *U. S.* 17, it has quite properly been followed by the trial court in this instance, and has furnished *ratio decidendi* for its determination.

Having served as a precedent for over one-half a century of our legal history, unquestioned by our courts and unassailed by criticism, we are not disposed at this period, upon mere disputable considerations of abstract reasoning and expediency, to question its legal accuracy.

The judgment under review will therefore be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, TREACY, JJ. 16.

*For reversal*—None.