Com. of Pa. To Use *v.* Keller et al., Appellant.

Argued April 20, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Wm. H. Burd,* for appellant.

*Alvin Sherbine,* for appellee.

Opinion by Parker, J., October 10, 1932:

This is an action in assumpsit on a sheriff's bond. The defendant, Logan M. Keller, was sheriff of Cambria County for the years 1922 to 1925, inclusive, and the plaintiff was a deputy appointed by him. Plaintiff claimed the sum of $483.40 for monies advanced by him out of his personal funds for the payment of certain expenses of the office of the sheriff and $1,687.10 for

services performed and expenses incurred by the plaintiff in assisting the sheriff in completing the duties of his office after the expiration of his term.

A verdict was rendered for the sum of $1,338.61 and judgment was entered thereon. A motion for a new trial and judgment n. o. v. was promptly presented alleging inter alia that the verdict was against the law. Subsequently by leave of the court additional reasons were filed setting forth that the action was barred by Section 1 of the Act of March 28, 1803, 4 Smith's Laws 48, providing that a suit or suits against the surety on a sheriff's bond shall not be sustained unless the same be instituted within five years after the date of the obligation and that under the terms of the bond the surety was not liable as the amount claimed was for a personal indebtedness of the defendant to the plaintiff, a large portion of which was incurred after the expiration of the term of his office. This was but a specification of the respects in which the verdict was contrary to law. The lower court refused the motion for judgment n. o. v. and new trial.

The plaintiff in this appeal complains of the action of the court in refusing a new trial. At no time during the trial of the case or until the additional reasons were filed was it suggested that the defendant was entitled by virtue of the Act of 1803 to plead the statute of limitations or that the bond was not conditioned for the payment of such a claim as was made by the plaintiff. The ruling of the lower court in refusing the motion for judgment n. o. v. was correct as there was not a motion made or point presented for binding instructions during the trial: Leonard Co. v. Scranton Bottling Co., 90 Pa. Superior Ct. 360; Reichner v. Reichner, 237 Pa. 540.

The bond, dated January 1, 1932, was in the form required by the Act of April 15, 1834, P. L. 537, sections 62 and 63 (16 P. S. 1531, 1532). The condition

of this bond was that the sheriff should "without delay and according to law, well and truly serve and execute all writs and process, ...... well and truly pay, or cause to be paid, to the several suitors and parties interested in the execution of such writs and process all and every sum and sums of money to them respectively belonging, which shall come to his hands, ....... well and faithfully execute and perform all and every of the trusts and duties to the said office appertaining." The plain words of this obligation apply only to the discharge of the official duties of the sheriff and to the payment to suitors and parties of monies belonging to them which come into his hands. The claim sought to be enforced in the case at hand was for personal obligations due from defendant to plaintiff. The surety on a sheriff's bond given in conformity with the Act of 1803 is not liable to a deputy sheriff for monies advanced or loaned by such deputy to the sheriff or for salary or expenses due to such deputy from the sheriff. In the case of Commonwealth v. Swope, 45 Pa. 535, it was held that the sureties on a sheriff's official bond were not liable to a printer for advertising notices, rules and orders, inquisitions and sales ordered by the sheriff, though it was a part of his official duty to cause such advertisements to be made, and for neglect of which they would have been responsible. It was there said: "It may be conceded that it is a sheriff's duty to cause such notices to be given. Certainly it is to give some of them, made such by acts of assembly. Failure to give such notices would therefore be a breach of his official duty, for which his sureties would be liable. But the printer who publishes the notices does his work for the sheriff, and not for the parties. His position is no better than that of a sheriff's deputy, or of one who lets to him a horse or a vehicle, to enable him to execute process. It does not follow, because the duty to advertise is official, the duty to pay is also official."

We are all of the opinion that under the circumstances a new trial should have been granted. It is argued by the appellee that because this matter was not called specifically to the attention of the court on the trial of the cause, it is now too late to raise such a question. Here, however, the defense raised is not one of practice or procedure or a mere personal defense of which the defendant might or might not have availed himself, but goes to the very substance and essence of the case. If the only reason assigned in support of the present appeal were the failure to plead the statute of limitations, the lower court should have refused the motion. Such a defense must be affirmatively set up and established. Otherwise it is treated as waived: Barclay v. Barclay, 206 Pa. 307; Murphy v. Taylor, 63 Pa. Superior Ct. 85.

If the judgment is allowed to stand, the plaintiff will be permitted to recover on a cause of action which did not exist as a matter of law. In the words of former Chief Justice SHARSWOOD, "The justice we are to administer is justice according to law." Substantial justice would not be administered if the judgment were allowed to stand. A verdict ought not to be permitted to stand where the plain and obvious principles of law reaching to the basis of the claim have been violated. "Though the grant of a new trial is a matter largely in the discretion of the court below, it should be ordered where necessary to reach a just determination of the merits of the controversy": American Products Co. v. Rfg. Co., 275 Pa. 332.

The judgment of the lower court is reversed and a venire facias de novo awarded.