Argued April 29, 1938.
This judgment, entered in favor of the defendant on the pleadings, must be reversed. The question that gives us some concern is whether judgment should, at the same time, be entered for the use plaintiff for want of a sufficient affidavit of defense.
The action is against the surety on a constable's bond for two thousand dollars, filed January 2, 1936, in the office of the clerk of courts of Allegheny County, conditioned "that if the above bounden Samuel DeLuca [the constable] shall well and truly execute the duties *Page 453 
of the office of Constable, in and for 12th Ward, Pittsburgh, Pa. for the term of four years from and after the first Monday of January A.D. 1936, then this obligation to be void, otherwise to be and remain in full force and virtue." The bond was given pursuant to the Act of April 15, 1834, P.L. 537, which in section 112[1] provides that the bond to be given by a constable shall be in such sum, not less than five hundred dollars nor more than three thousand dollars, as the court [of quarter sessions] shall direct and shall be taken by the clerk of the court in the name of the Commonwealth, with conditions for the just and faithful discharge by the said constable of the duties of his office. The words "shall well and truly execute the duties of the office of constable," in the bond in suit, will be construed to be the equivalent of the words used in the condition of the bond required by the Act, viz.: "shall justly and faithfully discharge the duties of his office of Constable." The rest of the 112th section, "and such bond shall be held in trust for the use and benefit of all persons who may sustain injury from him in his official capacity by reason of neglect of duty, and for like purposes and uses as sheriff's bonds are given and held," does not constitute a part of the condition of the bond, but makes it clear that its effect is to cover not only breaches of duty to the Commonwealth but also injuries done by the constable in his official capacity to all other persons whether by reason of neglect of duty or other matters included in the uses and purposes for which sheriff's bonds are given and held.
The plaintiff's statement averred, inter alia, that "Third: Samuel DeLuca, during his term of office and acting in his official capacity as a Constable, obtained from the County of Allegheny, use Plaintiff herein, by *Page 454 
means of false pretenses and in violation of his oath of office and of the obligations of the bond, whereof Exhibit `A' is a copy and wherein Defendant is surety, the sum of One Thousand Seven Hundred Sixty-one and Fifteen Hundredths ($1,761.15) Dollars as fees and costs in fictitious and non-existing criminal cases. Fourth: On November 9, 1936, upon a plea of Guilty to charges of False Pretenses by the said Samuel DeLuca, the Court of Quarter Sessions of Allegheny County, Pennsylvania, at No. 1110 September Sessions, 1936, entered the following judgment: `November 9, 1936, Defendant sentenced to pay a fine of 6 1/4 cts. to the Commonwealth; Pay costs of prosecution and undergo imprisonment of Nine Months in Allegheny County Workhouse and stand committed. And make restitution of ($1,761.15) Dollars.'" And it was further averred that the said judgment was entered in the Court of Common Pleas of Allegheny County to No. 1688 January Term, 1937 and remains in full force and effect, and that neither the said Samuel DeLuca nor his surety, the present defendant, have paid any part thereof though often requested to do so.
The defendant filed an affidavit of defense raising questions of law in lieu of a demurrer, and moved for judgment in his favor, which motion, after argument, was on March 27, 1937 discharged, and defendant was ordered to file an affidavit of defense on the merits, which was done on April 8, 1937. In this affidavit of defense on the merits the defendant admitted that Samuel DeLuca obtained $1,761.15 from the County of Allegheny by false pretenses in relation to fees and costs collected for fictitious and non-existent criminal cases, but denied that this was done in violation of his oath of office or any provision or obligation of his bond, and averred that the acts done by Samuel DeLuca in the acquirement of said money during his term of office were not done in his official capacity or by way of neglect *Page 455 
of duty in relation to his said office of constable but were wholly outside said duties.
The plaintiff entered a rule for judgment for want of a sufficient affidavit of defense, specifying that the defendant did not deny the facts averred in the statement of claim and that his denial that the money so fraudulently obtained from the county by color of his office was in violation of his oath of office or any provision or obligation in the bond, was only a conclusion of law not justified by the facts.
After argument on this rule the court discharged plaintiff's rule for judgment and entered judgment for the defendant on the pleadings. The Practice Act of May 14, 1915, P.L. 483, and its amendments do not authorize the entry of a judgment for the defendant on this rule.
In the opinion, filed pursuant to Rule 58 of this Court, the learned judge of the court below, after stating the facts in the pleadings and referring to certain cases dealing with sheriff's bonds, says: "Hence it is our opinion that sufficient facts have been alleged in the affidavit of defense which would certainly give the defendant the right to have the disputed facts decided by a jury." But this is just what the judgment of the court below appealed from did not do.
If this were wholly a matter of first impression we would be inclined to agree with the learned County Solicitor and enter judgment for the use plaintiff for $1,761.15, with interest from November 9, 1936; for our present opinion is that the acts complained of were within the condition of the bond and constituted a violation of his obligation for the just and faithful discharge of the duties of his office. A constable's duties partake of a two-fold nature, civil and criminal. On the civil side, he serves writs of summons, attachment, etc., makes levies and sells goods seized in execution process. For neglect
of these duties his bond is liable. *Page 456 
But the liability is not confined to injuries from negligent
performance of duty. The word `neglect' as used, since 1810 at least, in the term `neglect of duty,' means failure to perform or discharge a duty and covers positive official misdoing or official misconduct as well as negligence: Evans v. Com., 8 Watts 398, 399. For example, if a constable sells goods under execution process issued to him in the course of his official duty and embezzles the money, his bond would unquestionably be liable. Cases dealing with the initial stages of landlord's warrants and distraints have no relevancy, for, in such cases, a constable does not begin to act as an officer of the law until an appraisement is required. Then he does: Mortgage B. L. Assn. v.Van Sciver, 304 Pa. 408, 416, 155 A. 920, where the Supreme Court criticized the opinion of this court in Com. v. Abrams, 94 Pa. Super. 556,558, as too limited in scope. But if the constable is under no legal duty to levy execution, because he is not the constable of the ward or township where the defendant resides, etc., his refusal to do so is not a neglect of duty within the terms of his bond: Com. v. Lentz, 106 Pa. 643. However, if he makes the levy he is liable on his bond for his refusal to sell the goods: Com. v. Yeisley, 6 Pa. Super. 273. In the old days, before imprisonment for debt was abolished, a constable was liable on his bond for the escape of a debtor whom he had taken into custody on a writ of execution: Blue v.Com., 4 Watts 215; and if he levied on the goods of a stranger, his sureties were liable: Brunott v. M'Kee, 6 W. S. 513. And it has been ruled that a judgment against the constable is not only conclusive against his sureties as to the "misconduct or neglectof duty" on the part of the constable, which was made the ground of action whereon the judgment was obtained against him, but likewise as to the amount of damages actually sustained by the plaintiff: *Page 457 Evans v. Com., 8 Watts 398, 399; McMicken v. Com., 58 Pa. 213,221; Masser v. Strickland, 17 S. R. 354.
On the criminal side, it is the constable's duty to serve warrants, make arrests, subpoena witnesses for the Commonwealth, deliver prisoners to jail pursuant to a commitment of the justice, etc. For all these official duties performed on behalf of the Commonwealth he is entitled to fees to be paid by the County, as the directed agent of the Commonwealth: Acts of May 11, 1874, P.L. 132; May 19, 1887, P.L. 138; Allen v. DelawareCounty, 161 Pa. 550, 29 A. 288. See also Com. v. Trunk, 320 Pa. 270,273, 182 A. 540. To secure such payment from the county the constable must make return, or affidavit, as to the amount due him for the official duties so performed; and such return or affidavit is made as a part of his official duties as constable. It would seem that a false return or affidavit made in the course and as a part of his official duties, by which he fraudulently obtained from the county money to which he was not entitled, would constitute official misconduct within the obligation of his bond, for by color of his office and in violation of his obligation, justly and faithfully to discharge the duties of his office of constable, he wrongfully and dishonestly obtained from the county, as agent of the Commonwealth, moneys by way of fees for pretended official acts to which he was not entitled. It is wholly different from personal debts or obligations incurred by a sheriff in the course of the discharge of his duties, as inCom. v. Swope, 45 Pa. 535, 537; Com. to use, etc. v. Keller,106 Pa. Super. 458, 461, 162 A. 474.
But there has come to our notice a decision of the Supreme Court, not cited by appellant or appellee or referred to by the court below, Com. to use of Dauphin County v. Hoffman, 74 Pa. 105, in which a scire facias was issued at the suit of the Commonwealth, to the use of Dauphin County, against Jacob D. Hoffman, on *Page 458 
his recognizance as sheriff, entered under section 64 of the Act of April 15, 1834, supra — (not on the sheriff's bond, provided for by section 65 of said Act — they are not identical in their attributes or effect: McMicken v. Com., 58 Pa. 213) — to recover an overpayment of fees, etc. made to him by the county treasurer, on order of the county commissioners. The Supreme Court, in affirming the judgment of the court below, which held that the scire facias did not allege what amounted to a breach of the recognizance pointed out that the condition of the sheriff's recognizance was "that the sheriff should well and truly serve and execute all writs and process, and from time to time, upon request, pay or cause to be paid to the several suitors and parties interested in the execution of such writs and process, all sums of money to them belonging, and well and faithfully execute and perform all and singular the trusts and duties to the said office appertaining."
We tried, without success, to get hold of the paper books in that case in order to learn the precise facts on which the decision rested. The sheriff, apparently, presented a bill for fees in excess of what was allowed by the fee bill in force at the time, and the county commissioners approved it and ordered it paid. The county auditors surcharged the sheriff with this excess, $2,991.97, but their report was never presented to the court nor passed on by it. The appellee, in his brief, as presented in the state report, cited the following cases in support of his argument that in order to recover on the sheriff's recognizance the plaintiff must prove damage from his officialmisconduct: Com. v. Reynolds, 17 S. R. 367, which, on page 368, stated that an action on the recognizance would be sustained "wherever the commonwealth or any individual shall be aggrieved by the misconduct of any sheriff"; McCoy v. Reed, 5 Watts 300;Com. v. McCoy, 8 Watts 153. As the sheriff's recognizance, differing from the constable's *Page 459 
bond, lays stress on the service and execution of writs and the payment over to the several suitors and parties interested of the money belonging to them, it may well be that the court did not regard an overcharge of sheriff's fees, growing out of a dispute over the fee bill, in which the commissioners had agreed with the sheriff and approved his bill, as official misconduct within the terms of the sheriff's recognizance. The decision does not appeal to us as applying to a case of wilful misconduct, by which an officer fraudulently obtains from the county fees to which he is not entitled, through misleading the commissioners by a false return or affidavit as to official services performed. However, as the case was not considered by the parties or the court below we shall leave it for their fuller consideration on the trial of the case.
We are not impressed by the appellee's suggestion that he is relieved of liability on the bond by reason of the principal's sentence on the criminal charge. The serving of the sentence has no effect on the civil liability under the bond. There are many instances of defaulting treasurers and other officials who were prosecuted and convicted and who served prison sentences without affecting the civil liability of the sureties on their bonds.
The judgment is reversed with a procedendo.
[1] Practically a re-enactment of the provisions of Sec. 29 of the Act of March 20, 1810, 5 Sm. L. 161, as supplemented by the Act of March 29, 1824, 8 Sm. L. 301, 302.