# Wright, Appellant, *v.* Donaldson et al.

*Criminal law—Costs—Liability of county—Act of May 19, 1887.*

The suspension of sentence and the discharge of defendant without day, is such a final order, sentence or judgment as will render the county liable at once for costs under the act of May 19, 1887, P. L. 138, which provides that the county shall be liable at once " on the termination of the prosecution by the bill of indictment being ignored by the grand jury, or by a verdict of a traverse jury and sentence of the court thereon."

Plaintiff was a witness on behalf of the commonwealth upon a trial of a prisoner for a misdemeanor. The prisoner was convicted. A motion was made for a new trial, which was refused; but the court suspended sentence indefinitely and the prisoner was discharged from his recognizance and allowed to go without day. *Held*, that plaintiff was entitled to his witness fees at once from the county.

Argued Oct. 11, 1893. Appeal, No. 191, Oct. T., 1893, by plaintiff, Joseph M. Wright, from judgment of C. P. Armstrong Co., March T., 1893, No. 2, on case stated in favor of defendants, S. G. Donaldson et al., commissioners of Armstrong county. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Case stated to determine liability of county for witness fees. The facts appear by the opinion of the Supreme Court.

The court, RAYBURN, P. J., entered judgment for defendant.

1893.]        Assignment of Error—Opinion of the Court.

*Error assigned* was entry of judgment as above.

*W. D. Patton*, for appellant, cited: Acts of Sept. 23, 1791, § 13, 3 Sm. L. 43; March 31, 1860, P. L. 382; May 11, 1874, P. L. 132; Wayne Co. v. Com., 26 Pa. 154; York Co. v. Dalhousen, 45 Pa. 372; Com. v. Hitchman, 46 Pa. 357.

*John F. Whitworth*, for appellee, cited: Act of May 19, 1887, P. L. 138; Bradford Co. v. Johnson Wells et al., 125 Pa. 323; Wayne Co. v. Com., 26 Pa. 154; Cumberland Co. v. Holcomb, 36 Pa. 354.

OPINION BY MR. JUSTICE WILLIAMS, October 30, 1893:

The plaintiff was a witness on behalf of the commonwealth upon a trial of a defendant for a misdemeanor. The defendant was convicted. A motion was made for a new trial, which was refused; but the court of quarter sessions suspended the sentence indefinitely, and the defendant was discharged from his recognizance and allowed to go without day. The defendants, commissioners of Armstrong county, refuse to pay the witnesses for the commonwealth, alleging that under the act of 1887, the liability of the county does not arise until a sentence fixing the extent of the punishment to be inflicted on the defendant has been pronounced by the court. The court below, entertaining the same view of the act of 1887, entered judgment in favor of the defendants, and from that judgment this appeal was taken.

Under the act of 1860, the costs of prosecution in all cases of misdemeanor were under the control of juries. The grand jury, after hearing the witnesses for the commonwealth, determined the character of their return. If this was adverse to the commonwealth, the prosecution ended with the return of " ignoramus," and the grand jury proceeded to impose the costs of the prosecution on the prosecutor or on the county. If the return was that the indictment was a " true bill," the guilt or innocence of the defendant, and the proper disposition of the costs, passed to the petit jury before which the defendant might come for trial. If he was acquitted, the jury had to determine whether he, the prosecutor, or the county should pay the costs. They might divide them, imposing some part of them on the de-

fendant, and the remainder on the prosecutor; and in either case the duty of the court was to see that the finding of the jury was enforced. If the defendant was convicted, this fixed his liability for costs. The county was liable in all these cases only after the inability to pay of the party charged by the return or the verdict had been legally determined, and he had been "discharged according to law" without payment. This was an inconvenient and burdensome system in its effects upon the witnesses for the commonwealth. The act of 1887 was intended to remedy the hardships of that of 1860. It changed the position of the county from that of an ultimate guarantor, liable only after all proper legal remedies had been used unsuccessfully against the party on whom the costs had been imposed, to that of liability in the first instance; and charged it with the duty of using all the legal means of collection from the proper party, to reimburse itself. The act provides that the county shall be liable at once "on the termination of the prosecution by the bill of indictment being. ignored by the grand jury, or by a verdict of a traverse jury and sentence of the court thereon." What does the word "sentence" mean in this connection? The definition given in Anderson's Law Dictionary is as follows: "A final determination by a criminal court, or by a court of admiralty." Ordinarily this final determination fixes the punishment to be imposed on the defendant when the verdict is one of "guilty;" but it may declare the freedom of the defendant from the obligation imposed by his recognizance, and his discharge therefrom, when the verdict is "not guilty." Even after a verdict of guilty the defendant may plead his pardon before sentence. In that case the court must discharge him from confinement or from his recognizance, as the case may be, and permit him to go without day. Such order is the "final determination," judgment, or sentence of the court, that disposes absolutely of the prosecution. After such a sentence or judgment the defendant was discharged according to law from the consequences of the verdict against him, and the county was liable for the costs of prosecution under the old system: York County v. Dalhousen, 45 Pa. 372; Commonwealth v. Hitchman, 46 Pa. 357. In this case we have a verdict of guilty, a motion for a new trial heard and refused, and a suspension of sentence. This is a discharge of the defendant

from his recognizance and an end of the case. The record of his conviction and the action of the court could be pleaded in bar of a second prosecution for the same offence. The power of the prosecutor and the district attorney over the case is at an end. The defendant has been allowed to depart the court without day by a formal order, sentence, or judgment regularly entered on the record for the very purpose of making a final disposition of the cause. In such a case the liability of the county attaches at once. To hold otherwise would be to hold that the witnesses were without remedy. The court has relieved the defendant by a final order. They cannot look to him. They have a right to turn now to the county and say, in the language of the act of 1887, " the termination of the prosecution " in this case has been reached; a verdict has been rendered by a traverse jury, which has been followed by a final order, sentence, or judgment of the court, under which the defendant has been discharged from his recognizance, notwithstanding the verdict, and the record in the case is closed. Whether the suspension of the sentence is due to the production of a pardon granted after conviction by the executive, or to a conscientious belief on the part of the judge that the purposes of evenhanded justice require him to refuse to punish the convicted defendant, can make no difference with the legal effect of his order. In either case it ends the prosecution, so far as the prosecuting officers are concerned, by an order or sentence that is an impenetrable shield to the defendant, and that formally closes the record in the particular case.

The learned judge gave too narrow an interpretation to the act of 1887, and the judgment must be reversed.

Judgment is now entered in favor of the plaintiff and against the county of Armstrong on the case stated for the sum of ten dollars and twenty cents, with interest and costs.