# Commonwealth ex rel. Fred Nuber *v.* Keeper of Workhouse.

*Criminal law—Practice, Q. S.—Suspension of sentence—Order when equivalent to final sentence.*

An order of the court of quarter sessions which suspends sentence as to a part of the penalty prescribed by law for an offense, and imposes a pecuniary penalty upon the defendant, where fine and imprisonment constitute the penalty affixed to the crime, is, to all intents and purposes, a legal sentence, compliance with the terms of which renders it illegal for the court to alter or reform the sentence, after the term at which trial, conviction and the said partial sentence occurred, and any sentence subsequent thereto is illegal and void.

Argued Jan. 12, 1898.   Appeal, No. 2, Miscellaneous Docket, April T., 1898, by Fred Nuber, relator, from sentence of Q. S. Erie Co., Nov. Sessions, 1896, No. 9, on verdict of guilty.   Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ.   Reversed.

Indictment for receiving stolen goods.   Before MILLER, P. J., of the 35th judicial district, specially presiding.

It appears from the record that Lizzie Nuber was indicted, tried and convicted at the November sessions, 1896, of the court of quarter sessions of Erie county for receiving stolen goods, and that at said term sentence of imprisonment was suspended on the following order, made by the court which was complied with by the defendant, the order being as follows : " And now, November 19, 1896, on recommendation of district attorney, the sentence of imprisonment in the case of the Commonwealth v. Lizzie Nuber is suspended for the present and during good behavior upon her paying the costs of prosecution, paying $200 to the clerk of the courts for the use of the Erie County Law Library, and paying a sum not to exceed $100 to reimburse the New York, Chicago & St. Louis R. R. Co. for damage done to goods which were stolen and received by the defendant."

On November 30, 1896, the clerk of the court receipted for $394.28 " to apply on costs, leaving the amount due the New York, Chicago & St. Louis R. R. Co. unpaid."   Subsequently the committee of the Law Library receipted for the $200 directed to be paid by the order of November 19th as " two hundred dollars fine in this case."

In December, 1896, the clerk of the court receipted for $100, " being the amount of money to be paid to the New York, Chicago & St. Louis R. R. Co. to reimburse them for damage done to goods which were stolen and received by defendant, as per order of court."

On May 25, 1897, the court sentenced the defendant, Lizzie Nuber to pay a fine of $1.00 to the commonwealth for the use of the Erie County Law Library, pay the costs of prosecution, restore the property stolen if not already restored, or pay the owner the full value thereof, and undergo imprisonment in the Allegheny county workhouse for and during a period of two years, there to be kept, fed, clothed and treated as the law directs, and stand committed until the sentence be complied with.

It appears also from the record that there are four terms of quarter sessions and 'oyer and terminer in the county of Erie fixed by rule of court as follows : One term commencing the first Monday of September to continue three weeks, one term commencing the second Monday in November to continue two

weeks, one term commencing the first Monday in February to continue three weeks and one term commencing the second Monday in May to continue two weeks.

A petition was subsequently filed by Fred Nuber, husband of defendant, reciting the facts as above set out and suggesting " that the sentence of imprisonment imposed May 25, 1897, is illegal and void for the reason that there being only four regular terms of quarter sessions in the said county of Erie, the said court had no jurisdiction in said matter after the ending of the November sessions, 1896, at which conviction was had and the first sentence imposed and entered upon ; that the said Lizzie Nuber is unlawfully detained in the custody of the keeper of the Allegheny county workhouse, upon a sentence and commitment of a court without jurisdiction, and your petitioner therefore prays that a writ of habeas corpus may issue according to the act of assembly in such case made and provided, so that the said Lizzie Nuber may be brought before your honorable court to do, submit to, and receive what the law may require."

The petition being allowed, a writ of habeas corpus was issued and at the same time in accordance with the order of the court, a certiorari was also issued which brought up the entire record.

*W. G. Crosby*, of *Fish & Crosby*, for the relator.—The relator contends that if the first order or judgment of the court was a sentence to pay a fine, then after said November term the said court had no further jurisdiction in said case, and the latter order or sentence of said court was illegal and void.

The act of March 31, 1860, sec. 109, provides that one convicted of the crime of receiving stolen goods shall be sentenced to pay a fine and undergo imprisonment.

A sentence is the final determination of a criminal court. It is a conclusion of the law and not of the judge.

Fine is a pecuniary punishment imposed by the judgment of the court, a sentence to pay a penalty in money, and the terms, fine, penalty and punishment as used in that sense, have been declared to be synonymous : U. S. v. Reisinger, 128 U. S. 398 ; 19 Am. & Eng. Ency. of Law, 569.

Under all legal principles the orders and judgments of court should, when possible, be construed to have been exercised under full power and authority until the contrary is shown.

In the light of such a construction the order of the court of Erie county in No. 9, November sessions, 1896, made November 19, 1896, was the imposing of judgment or sentence, to the extent of a fine or pecuniary punishment, and as such was final, and any subsequent sentence of imprisonment after the term was error.

A court may suspend the judgment over a criminal, in toto, until another term, but has no power to impose two sentences for a single offense by imposing a fine and at a later term superadding imprisonment: Com. v. Ketner, 92 Pa. 372; Com. v. Perkins, 124 Pa. 36; United States v. Pile, 130 U. S. 280, Com. v. Foster, 122 Mass. 317.

No appearance or paper-book for appellee.

Opinion by BEAVER, J., February 19, 1898:

The relator presented his petition to this court, alleging that his wife, Lizzie Nuber, was illegally detained by the defendant, by reason of an alleged sentence of the court of quarter sessions of the county of Erie, passed upon her on the 25th day of May, 1897, and praying that a writ of habeas corpus might issue to bring her before this court, in order that the legality of the sentence under which she was confined might be determined. The writ was allowed and she was regarded by consent as constructively present at the argument of the case. At the same time in accordance with our order a writ of certiorari issued which brought up the entire record.

The relator's wife, who was the defendant in the case of the Commonwealth v. Lizzie Nuber, in the court of quarter sessions of Erie county, was convicted on the 18th day of November, 1896, of the crime of receiving stolen goods. The 109th section of the Act of March 31, 1860, P. L. 382, provides that "If any person shall buy or receive any goods, chattels, moneys, or securities or any other matter or thing, the stealing of which is made larceny by any law of this commonwealth, knowing the same to be stolen or feloniously taken, such person shall be guilty of felony and, on conviction, suffer the like pains and penalties which are by law imposed upon the person who shall have actually stolen or feloniously carried away the same." The 103d section of the same act provides that "If any person shall

be guilty of larceny, he shall on conviction be deemed guilty of felony and be sentenced to pay a fine not exceeding five hundred dollars and to undergo an imprisonment by separate or solitary confinement at labor not exceeding three years." On the 19th day of November, 1896, the following order or judgment was entered by the court: " On recommendation of the district attorney, the sentence of imprisonment in the case of the Commonwealth v. Lizzie Nuber is suspended for the present and during good behavior upon her paying the costs of prosecution, paying two hundred dollars to the clerk of the courts for the use of the Erie County Law Library and paying a sum, not to exceed one hundred dollars, to reimburse the New York, Chicago & St. Louis Railroad Company for damage done to goods which were stolen and received by the defendant."

Under the provisions of the Acts of Assembly of April 17, 1866, P. L. 962, and of April 3, 1872, P. L. 752, all fines imposed by the courts of the county of Erie, which do not by law go to the school fund of said county, were made payable to a committee therein named for the purchase of a law library for the said county of Erie, etc. The record shows that the costs were fully paid, that " two hundred dollars fine in this case " was receipted for by the treasurer of Erie County Law Library December 3, 1896, and that the attorney of the New York, Chicago & St. Louis Railroad received " one hundred dollars, it being amount of money to be paid New York, Chicago & St. Louis Railroad Co. to reimburse them for damage done to goods which were stolen and received by defendant, as per order of court, December 19, 1896."

On the 25th day of May, 1897, the court made this record: " The court sentences the defendant, Lizzie Nuber, to pay a fine of one dollar to the commonwealth (for the use of the Erie County Law Library), pay the costs of prosecution, restore the property stolen, if not already restored, or pay the owners the full value thereof, and undergo an imprisonment in the Allegheny County Workhouse for and during the period of two years, there to be kept, fed, clothed and treated as the law directs, and stand committed until the sentence be complied with." If the order of the court of November 19, 1896, were a sentence of the defendant, then the sentence passed upon her May 25, 1897, supra, is illegal and void, inasmuch as a defendant cannot

be twice sentenced for the same offense, nor have the criminal courts of this state the power to reconsider a sentence after the term at which it was pronounced: Commonwealth v. Mayloy, 57 Pa. 291. It will be observed that the order of November 19th, supra, is not a general suspension of sentence. According to its terms " the sentence of imprisonment in the case of Commonwealth v. Lizzie Nuber is suspended for the present and during good behavior." The penalty imposed by law for the offense of which the defendant was convicted is fine and imprisonment. If the amount directed to be paid to the Erie County Law Library was a fine, the said order was at least in part the sentence which is authorized by law; if it was not a fine, the court had no legal right to impose nor had the Erie County Law Library any authority of law to receive it.

The direction to pay the costs in a criminal proceeding is not a sentence in the sense of its being a part of the penalty imposed by law. It is rather an incident of the judgment, but the sentence is nevertheless used as the means of enforcing payment. In common practice the sentence in case of a conviction of larceny or of receiving stolen goods consists of four parts : the payment of costs, the restoration of the goods or the payment of the value thereof, the payment of a fine, and imprisonment. Three of these ingredients or parts of the ordinary sentence are found in the order of the court of the 19th of November, 1896. It is to be presumed that the court, in making the said order, acted within the limits of lawful authority. If it did, the order was, to all intents and purposes, a sentence of the defendant. It matters not what the sum of money paid into court for the benefit of the Erie County Law Library may be called. It was a pecuniary penalty imposed upon the defendant, by virtue of the conviction by the jury of the crime with which she was charged, the only authority for its imposition being the right conferred by the act of assembly to impose a fine as part of the penalty incurred by the commission of the crime. It will not do to say that it was an agreement made by the court with the defendant which she could comply with or decline, as she chose. Such a proposition shocks the moral sense as well as the legal instinct. It is equivalent to saying that the court, without any authority of law, made such an agreement. This we would be slow to assume under any circumstances, and it is not necessary in

this case, for the court suspended sentence only as to imprisonment and, therefore, must have acted within and under the provisions of the law, affixing the penalty to the crime of which the defendant was convicted, so far as the fine or the payment of money as a penalty was concerned, otherwise it acted not only without lawful authority but in disregard of its own order. Moreover, the defendant was helpless. Notwithstanding all that may be said to the contrary, she would naturally feel that the order of the court must be complied with or that she would suffer in the end. The power which would and doubtless did move her to comply with the terms of the order of the court is the same which in its last analysis impels obedience to all orders, judgments and sentences of all courts—the fear of worse.

The imposition of what is called the regular sentence, on the 25th of May, 1897, was the second term after conviction and the order of the 19th of November, which immediately followed. By the terms of that sentence she was directed to pay a fine of one dollar to the commonwealth for the use of the Erie County Law Library—she had already paid $200 under the previous order; to pay the costs of prosecution—which had been overpaid, as appears by the record, under the previous order; to restore the property stolen, if not already restored, or pay the owners the full value thereof—which had been done, under the provisions of the former order, as appears by the receipt, upon the record, of the attorney of the railroad company. It is to be presumed that the court had no intention of compelling the payment of the costs which had already been paid and of making good, a second time, the value of the property stolen. But we can see no warrant in law, in view of what has been said in regard to the order of the 19th of November, for the imposition of an additional fine and the sentence to imprisonment which followed, if the said order was in law, as it undoubtedly was in fact, a sentence of the defendant.

In view of the limited or only partial suspension of sentence and of the imposition of a pecuniary penalty which has no justification in law, except as a fine provided by the act of assembly which affixes the penalty to the crime of which the defendant was found guilty, we feel bound to hold that the order of the 19th of November, 1896, was a legal sentence. But it may be urged that the court did not exhaust the penalty and that,

inasmuch as the law provides for a fine and imprisonment, the sentence was not complete and, therefore, illegal. But, as was said in Commonwealth v. Mayloy, supra: "The common law principle of the finality of judgments is at once an answer to the argument and a refutation of the idea that the power to interpose exists after the term has passed." The power of the court was exhausted; its sentence could not be amended; "it might have been during the term but not afterward:" Beale v. The Commonwealth, 25 Pa. 11.

We do not determine, nor are we called upon to determine, what might have been, if the defendant had failed to comply with the terms of the order above referred to. She did comply with them. True, not within the term at which the order was made; but, if the commonwealth had wished to take advantage of her failure to do so, the motion to reform the sentence should have been made during term time. We have been greatly aided in reaching a conclusion in this case by the reasoning of DIXON, J., in State v. Addy, 14 Vroom, 113, 39 Am. Rep. 547, and the exhaustive discussion of the general subject in Ex parte Lange, 18 Wall. 163.

We have not discussed, nor are we called upon to discuss in this connection the almost universal practice in this commonwealth of the suspension of sentence, upon the payment of costs, where considerations of public policy may and ought to induce the court to stay its hand. We say nothing in regard to this practice. On the whole, the power which it implies has been judiciously exercised, so far as our knowledge and information extend; nor is it necessary to say anything as to the practice which has been recognized and is alluded to in Commonwealth v. Mayloy, supra, in which Chief Justice THOMPSON says: "The court has power to remand and hold convicts for sentence as long as may be deemed necessary and advantageous to the ends of justice, and, in the meantime, may receive information in addition to that disclosed on the trial in regard to what should be an appropriate sentence under the circumstances, where the court has a discretion on the subject."

What we do now decide specifically is that an order of the court of quarter sessions which suspends sentence as to a part of the penalty prescribed by law for an offense and imposes a pecuniary penalty upon the defendant, where fine and imprison-

ment constitute the penalty affixed to the crime, is, to all intents and purposes, a legal sentence, compliance with the terms of which renders it illegal for the court to alter or reform the sentence, after the term at which trial, conviction and the said partial sentence occurred, and that any sentence subsequent thereto is illegal and void.

Whereupon it is now considered and adjudged that the judgment of the court of quarter sessions for the county of Erie, entered May 25, 1897, in which the court sentences "the defendant, Lizzie Nuber, to pay a fine of one dollar to the commonwealth, for the use of the Erie County Law Library, pay the costs of prosecution, restore the property stolen, if not already restored, or pay the owners the full value thereof, and undergo an imprisonment in the Allegheny county workhouse, for and during the period of two years, there to be kept, fed, clothed and treated as the law directs, and stand committed, until the sentence be complied with" be reversed and annulled; and it is further ordered that the said Lizzie Nuber be released from her confinement in the Allegheny county workhouse, and that the record be remitted to the said court of quarter sessions for further proceedings, in conformity with the opinion of this court herein expressed, and of this order; costs of the proceedings in this court to be paid by the county of Erie.