## Commonwealth *v.* Dunleavy.

*Criminal law— Costs—Penalty—Sentence.*

A direction to pay the costs in a criminal proceeding is not a sentence in the sense of its being a part of the penalty imposed by law.

*Criminal law—Sentence—Suspension of sentence—Final judgment.*

An order of the court of quarter sessions suspending sentence on condition that costs be paid within five days, is not such a final judgment as will prevent the court, after the expiration of the term, from calling the prisoner for sentence and imposing upon him the penalty affixed by law to the offense of which he was convicted.

*Criminal law—Sentence—Judge specially presiding—Imposition of sentence by resident judge.*

Where a president judge specially presiding in another county than his own tries a criminal case and enters an order suspending sentence, the president judge of the county in which the trial was had may subsequently call up the prisoner and impose sentence upon him.

Argued Jan. 21, 1901. Appeal, No. 47, Jan. T., 1901, by defendant, from order of Q. S. Lackawanna Co., Oct. T., 1900, No. 226, imposing sentence in case of Commonwealth v. Anthony Dunleavy. Before Rice, C. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ. Affirmed.

Indictment for selling liquor without a license.

The case was tried before Love, P. J., of the 49th judicial district, specially presiding.

The defendant was convicted, and when called for sentence, a petition asking for suspension of sentence was presented to the trial judge, who indorsed the following order upon the petition:

"And now, October 12, 1900, in view of the within petition and the commonwealth admitting the facts stated by defendant's counsel as to his character, etc., we suspend sentence on condition, costs to be paid within five days, and in default then defendant to be called in and minimum sentence imposed. By the Court, JOHN G. LOVE, 49th district, specially presiding."

On the same day defendant paid the costs.

Subsequently and after the term had expired, on December 8, 1900, the prisoner was called before ARCHBALD, P. J., the resident president judge, and sentenced to pay a fine of $500 and undergo imprisonment for a term of three months.

*Error assigned* was the sentence of Judge ARCHBALD.

*M. J. Martin,* with him *Joseph O'Brien,* for appellant.—After the term of the court had ended at which the defendant was tried, the power of the court to punish further was gone, and its further exercise in the respect was prohibited: Com. v. Maloy, 57 Pa. 291; Ex parte Lange, 18 Wallace (U. S.), 163.

The imposition of costs upon a defendant is a sentence, and as such cannot be amended or enlarged at a subsequent term: U. S. v. Wilson, 46 Fed. Repr. 748; Com. v. Beale, 25 Pa. 11; Clearfield County v. Cameron Poor Dist., 135 Pa. 193; White's Application, 30 P. L. J. 251; Com. v. Patterson, 5 Kulp, 307.

A court may not from time to time and term to term revoke its orders, and by new orders attempt the correction of former errors: People v. Reilly, 53 Mich. 260; People v. Blackburn, 23 Pac. Repr. 750; People v. Morrisette, 20 Howard Pr. 118; People v. Brown, 19 N. W. Repr. 578; Weaver v. People, 33 Mich. 296; People v. Allen, 155 Ill. 61.

*John R. Jones,* district attorney, with him *William R. Lewis,* district attorney, *James H. Torrey, Frederick E. Beers, R. Lewis Grambs* and *F. L. Hitchcock,* for appellee.—Suppose the condition upon which the trial judge suspended sentence had not been complied with, will it be held that the trial judge specially presiding (who resides in Centre county) would have to be brought here to impose the sentence? Suppose in the mean time Judge LOVE had died! If appellant's position is sound,

the defendant would have gone free: People v. Bork, 96 N. Y. 198.

The direction to pay the costs in a criminal proceeding is not a sentence in the sense of its being a part of a penalty imposed by law. It is rather an incident of the judgment: Com. v. Nuber, 6 Pa. Superior Ct. 425; Cope v. Com., 28 Pa. 302; Com. v. Denniston, 9 Watts, 142; In re Boyd, 34 Kan. 573; Com v. Mayloy, 57 Pa. 291, relied upon by appellant, is not in point. In that case an actual sentence was imposed, viz: a fine and imprisonment.

OPINION BY BEAVER, February 14, 1901:

The defendant was convicted, at the October sessions of the court of quarter sessions of Lackawanna county, upon an indictment for selling liquor without a license. At the same term, the president judge of the 49th judicial district, specially presiding, before whom he was tried, made the following order: "And now, October 12, 1900, in view of the within petition and the commonwealth admitting the facts stated by defendant's counsel as to his character, etc., we suspend sentence, on condition costs to be paid within five days; and, in default, then defendant to be called in and minimum sentence imposed." At the next succeeding sessions the defendant was sentenced by the court of Lackawanna county, the president judge thereof presiding, to "pay a fine of five hundred dollars and undergo imprisonment in the county jail of Lackawanna county for the term and period of three calendar months and to stand committed until this sentence is complied with." This sentence, the final judgment in the case, is assigned for error, the grounds upon which the error is predicated being, first, that the court had no legal authority to impose the sentence and, second, that the case having been tried by the president judge of the 49th judicial district, specially presiding, the president judge of the court in which the defendant was tried could not impose the sentence.

1. The facts which led to the imposition of the sentence are not before us. We may presume that there were sufficient grounds to move the court, in the exercise of its discretion, to impose the sentence. Was there legal authority therefor? What constitutes a legal sentence has lately been considered and fully

discussed by us in Commonwealth v. Nuber, 6 Pa. Superior Ct. 420, in which we held "that an order of the court of quarter sessions which suspends sentence as to a part of the penalty prescribed by law for an offense, and imposes a pecuniary penalty upon the defendant where fine and imprisonment constitute the penalty affixed to the crime, is, to all intents and purposes, a legal sentence, compliance with the terms of which renders it illegal for the court to alter or reform the sentence after the term at which trial, conviction and the said partial sentence occurred, and that any sentence subsequent thereto is illegal and void." We said at the same time, however: "We have not discussed, nor are we called upon to discuss in this connection, the almost universal practice in this commonwealth of the suspension of sentence upon the payment of costs where considerations of public policy may and ought to induce the court to stay its hand." The question raised in this case was, therefore, not considered in Com. v. Nuber, supra. It was, however, there held that "the direction to pay the costs in a criminal proceeding is not a sentence in the sense of its being a part of the penalty imposed by law. It is rather an incident of the judgment, but the sentence is, nevertheless, used as a means of enforcing payment."

In State v. Addy, 14 Vroom, 113; 39 Am. Rep. 547, it was said: "The practice of suspending sentence in criminal cases has long been in vogue in this (New Jersey) as well as other states. In Com. v. Dowdican's Bail, 115 Mass. 133, Chief Justice GRAY speaks of it as common in Massachusetts and as recognized by statute there, and says that an order to that effect is not equivalent to a final judgment or to a nolle prosequi or discontinuance by which the case is put out of court, but is a mere suspending of active proceedings in the case, which dispenses with the necessity of entering formal continuances upon the docket and leaves it within the power of the court at any time upon the motion of either party to bring the case forward and pass any lawful order or judgment thereon." The practice which prevails in New Jersey and Massachusetts as to suspending sentence in criminal cases is also general in Pennsylvania. Various considerations move the court to stay its hand. Their character need not now be considered further

than to say that they are generally based upon considerations of humanity or public welfare.

It appears from the order of October 12, 1900, in this case, that representations as to the character of the defendant moved the court thereto. The judge who presided at the trial indicated what, in his judgment, the sentence should be, if the defendant were subsequently called for sentence. As already said, the facts which led to the imposition of the sentence in this case are not before us, nor have we knowledge of them, but it is not difficult to imagine conditions under which the court would feel bound to impose the sentence of the law. The petitioners as to character may have been mistaken, the trial judge may have been imposed upon, the subsequent conduct of the defendant may have shown that the suspension of sentence was ill advised and the public welfare jeopardized thereby. We do not say that any of these considerations moved the judge, but it is easy to imagine how they and similar ones may have been potent in inducing the imposition of the sentence. We use these as illustrations to show how dangerous to the public welfare it would be if the hands of the court were tied by a suspension of sentence such as was made in this case.

No part of the penalty prescribed by the act of assembly was imposed in the order of the court suspending the sentence. In Commonwealth v. Mayloy, 57 Pa. 291, in which the effort was made to reconsider and alter a sentence which had been regularly passed at a subsequent term, which the Supreme Court decided could not be done, it was said: " The court has power to remand and hold convicts for sentence as long as may be deemed necessary and advantageous to the ends of justice, and in the mean time may receive information in addition to that disclosed on the trial in regard to what should be an appropriate sentence under the circumstances where the court has a discretion on the subject."

No part of the penalty affixed to the offense of which the defendant was convicted having been imposed by the order of the court, made October 12, 1900, the costs being no part of the penalty and the direction to pay them not necessarily a final judgment, we are of opinion that the court had power, after the term had passed, to call the defendant for sentence and to im-

pose upon him the penalty affixed by law to the offense with which he was charged and of which he was convicted.

2. There is one court of quarter sessions in each county in the commonwealth. The Act of June 16, 1836, P. L. 784, sec. 16, gives to these courts—not to the individual judges thereof—among other things the power within their respective counties " to inquire of, hear, determine and punish in due form of law all such crimes, misdemeanors and offenses whereof exclusive jurisdiction is not given to the courts of oyer and terminer of such county." In order to facilitate the transaction of business in several counties of the commonwealth, where the public business was retarded, because the judges of the several courts therein were unable to dispose thereof as it arose, the act of March 24, 1887, was passed, in and by which it was made lawful " for the president judge of the district, calling in the assistance of any judge, and the judge called upon to assist him severally to try cases " in the court of quarter sessions and any other courts, giving full power and authority to each of them to do and perform every act necessary to be done in the trial of such cases, but directing that the court minutes should be kept in the same minute book precisely as if but one court was being held. This was a distinct recognition of the unity of the court.

The court of quarter sessions is a continuous and continuing body. Its existence is in no wise dependent upon the life or the presence of any particular judge. It is the law which gives the court its vitality and continuity. It is admitted by the appellant that the death of a judge does not affect the life of a court, nor would the death of the judge who, tried the case in which a defendant was convicted of a crime or misdemeanor prevent his being sentenced by a successor. This necessary admission seems to us to settle the question. If a legal sentence can be imposed after the death of the judge who presided at the trial and conviction of the defendant, why is not the same principle applicable when the judge who tried the case is necessarily absent? It is the court which imposes sentence. The judge who pronounces it is simply the mouthpiece of the court, and, for the time being, gives expression to its authoritative decrees; but to hold that a judge is the court, or that he is necessary to its existence, or that its judgments de-

pend upon the continuance of his individuality, would not only retard the administration of justice, but would lead in many cases to an actual miscarriage thereof.

If the judge who tried the .case had been present, it will scarcely be contended that the president judge of the court might not have pronounced the sentence; and, if in his presence, why not in his absence? His presence was not necessary to the validity of the session of the court at which the sentence was imposed, and, if consultation was desirable, it could be had by personal interchange of views, or by correspondence as well. The contention of the appellant raises no difficulties whatever in the mind of the court as to the validity of this sentence, but the principle for which he contends would lead to endless confusion and to serious delays, if not defeats, in the administration of justice.

To sustain either of the defendant's objections would compel either the abandonment of the practice of suspending sentence, which is in many instances attended with beneficial results, both to the defendant and the public, or would permit the escape of offenders who, for their own good as well as that of the public, should receive the punishment which the law prescribes as the penalty for crime.

Judgment affirmed.