# Commonwealth *v.* Pennsylvania Railroad Company, Appellant.

*Criminal law—Sentence—Amendment of sentence—Nuisance—Railroad.*

1. Where a sentence has been fully executed a court cannot subject the defendant to additional punishment, either by a new sentence or an amendment of the original sentence.

2. Where the court has sentenced a railroad company convicted of a nuisance in erecting an embankment across a public highway, to make a crossing through the embankment in a particular way, and the railroad company has fully executed the sentence in the manner specified therein, the court cannot subsequently upon proof that the crossing was inadequate and improper, amend the sentence so as to require further expenditure by the company upon the crossing.

Argued April 12, 1909. Appeal, No. 144, April T., 1909, by defendant, from order of Q. S. Warren Co., Dec. T., 1907, No. 28, imposing an amended sentence in case of Commonwealth v. Pennsylvania Railroad Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Reversed.

Indictment for nuisance. Before LINDSEY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty, upon which judgment of sentence was passed.

*Errors assigned* were in the following form:

1. The court erred in rejecting the evidence of the plot or map made by Thomas Struthers, then the owner of the land of the subdivision, called East Warren, but not then made part of the borough of Warren. This map was made May 15, 1885, and duly recorded in the recorder's office, Warren county, Pennsylvania, in Deed Book No. 86, p. 195.

2. The court erred in rejecting the offer by the defendant of the condemnation proceedings in the common pleas of Warren county, No. 72, September Term, 1885, Thomas Struthers v.

30 COMMONWEALTH *v.* PENNA. R. R. CO., Appellant.

Assignment of Errors—Opinion of the Court.   [41 Pa. Superior Ct.

Buffalo, Pittsburg & Western Railroads. This would show that Thomas Struthers, the then owner, was paid for the land and right of street.

3. The court erred in imposing the amended sentence, of November 7, 1908, amending the sentence of September 11, 1908, which had been fully complied with at a large cost to the defendant company. We contend that the second or amended sentence of November 7, 1908, was error; it will be recalled that the indictment in this case was to No. 28, December session, 1907, and tried during June session.

*J. Ross Thompson & Son,* for appellants.—The amended sentence of November 7 to the original sentence of September 11, 1908, was error: Com. v. Mayloy, 57 Pa. 291; Com. v. Keeper of Workhouse, 6 Pa. Superior Ct. 420.

*William S. Clark,* district attorney, with him *W. D. Hinckley* and *J. H. Alexander,* for appellee.—It seems to us that the court was clearly within its rights in amending the sentence in this case: Com. v. Brown, 12 Phila. 600; Com. v. Monroe, 15 Phila. 379; Com. v. Thompson, 18 Pa. C. C. Rep. 487; Dyott v. Com., 5 Whart. 67; Com. v. Mayloy, 57 Pa. 291; Beale v. Com., 25 Pa. 11; Com. v. Patterson, 5 Kulp, 307; Com. v. Gillespie, 25 Pa. C. C. Rep. 153; Northern Cent. Ry. Co. v. Com., 90 Pa. 300.

OPINION BY RICE, P. J., October 11, 1909:

The nuisance charged in the indictment was the erection and maintenance of an embankment across a public highway commonly called Elm street, formerly First street, about ten feet in height above the level of the street, upon which embankment was laid the track of the defendant company. It appears in the evidence that prior to the erection of this embankment the company carried its track across the street upon trestlework, space being left between the bents for travel along the street. The embankment was erected in order to avoid rebuilding the trestlework, and at the time of the defendant's conviction completely shut off travel along the street at that point.

There are but three assignments of error. The first two relate to the rejection of certain offers of evidence, but as these are not in conformity to our rules and, moreover, are not based on exceptions taken at the trial, they will not be considered. Leaving them out of view, there is no assignment of error which raises any question as to the propriety of the conviction. The charge was not excepted to and at the conclusion the defendant withdrew its points. For present purposes, therefore, we must assume that every essential to a valid conviction of the nuisance charged in the indictment, namely, the unlawful erection and maintenance of an embankment across a public highway, was established by the evidence. But instead of sentencing the defendant to abate the nuisance, which in the case of a structure unlawfully erected upon a public highway is ordinarily accomplished by removing the structure, the court imposed the following sentence: "Defendant sentenced within thirty days from this date to construct a good and convenient crossing over its tracks at Elm street, Warren borough, at least sixteen feet in width, and to construct a good dirt or gravel approach thereto on each side of the track at least twenty-four feet in width, from the edge of its right of way on each side of the track up to and even with the crossing, so that the same shall be a general ascent from the street to the railway crossing. Defendant to pay costs of same, also the cost of prosecution." This sentence was imposed on September 11, 1908. On November 7 following the commonwealth's counsel moved the court to amend and modify the sentence in such manner as should seem to the court fit and proper, so that the same should result in the abatement of the nuisance and provide for a safe and reasonable passageway along the street. This motion was supported by the ex parte affidavits of two engineers to the effect that the embankment as changed by the company was still an obstruction to free travel along the highway because of the steep and precipitous slopes of the embankment. In opposition to this motion, it was shown by the affidavit of defendant's superintendent, which in this particular was uncontradicted, that the defendant had constructed the crossing in accordance

with the terms of the sentence and had paid the costs, and it was urged that in view of these facts the court could not impose a new or additional sentence. Another objection set up in the affidavit was to a change of the sentence which would compel the defendant to grade or embank Elm street outside of its right of way. The learned judge did not discuss these objections in his opinion sustaining the motion, but being convinced by the commonwealth's affidavits that he had acted under a mistake of fact in imposing the original sentence made the following order: "The sentence is amended so as to read: The defendant, The Pennsylvania Railroad Company, shall extend the approaches to the crossing at Elm street, along the center of Elm street on each side of the crossing by filling with either cinders, dirt or gravel, twenty-four feet in width, far enough to make the grade of the approaches on each side of the embankment or crossing a ten per cent grade." It should be stated that the defendant was not responsible in any way for the mistake of fact if one was made. This order of November 7, 1908, is the subject of the third assignment of error.

It is claimed that this so-called amendment was illegal because the term at which the original sentence was pronounced had expired, and it is not seriously contended that this would not be a fatal objection if the fact be as stated: Commonwealth v. Mayloy, 57 Pa. 291; Commonwealth ex rel. Nuber v. Keeper of Workhouse, 6 Pa. Superior Ct. 420. But while we are informed by counsel that the four terms of quarter sessions of Warren county, as fixed by law and rule of court, begin on certain Mondays of March, June, September and December, we are not furnished with a copy of the order of court fixing its terms and therefore are not informed as to their length. We therefore pass this objection. The power of the court to reconsider and alter its sentence, and even increase the punishment, during the term at which it was pronounced, if nothing has been done under it, is recognized generally in this country. While in some cases outside this commonwealth it has been held that steps taken under a sentence—for example, a substantial part execution thereof—cuts off the right, we are not

prepared to say that this is the fixed and unvarying rule in Pennsylvania to be applied without regard to the circumstances of the particular case. But where the sentence has been fully executed the power of the court to subject the defendant to additional punishment, whether by a new sentence or an amendment of the original, is gone. See 1 Bishop's New Crim. Law, sec. 990, and cases there cited. A pertinent illustration of the result of holding differently was given by Justice Miller in Ex parte Lange, 85 U. S. 163. After stating that the terms of many courts extend through considerable periods of time, often many months, with adjournments and vacations in the same term, at the discretion of the judge, he says, inter alia: "Or if the judgment of the court is that the convict be imprisoned for four months, and he enters immediately upon the period of punishment, can the court, after it has been fully completed, because it is still in session of the same term, vacate that judgment and render another for three or six months' imprisonment, or for a fine? Not only the gross injustice of such a proceeding, but the inexpediency of placing such a power in the hands of any tribunal is manifest." But it may be said that the original sentence in this case, so far as it related to the construction of the crossing, was not imposed as punishment, but in the exercise of the court's power to order the abatement of the nuisance. Let this be granted; it was nevertheless part of the judgment, and it expressed the determination of the court as to what would abate the nuisance. Its legality is not now in question. The commonwealth recognized its validity by not appealing, or even objecting to it until after it had been fully executed, and the defendant acquiesced in it by complying with it and still does so by not assigning it for error. If the defendant had been sentenced originally to abate the nuisance it might have elected to do so by removing the embankment. Or if the original sentence had required it to do all that it is now required to do the defendant might well have objected on appeal that it ought to have been given the opportunity to abate the nuisance in the manner above indicated. It chose, however, to submit to the judgment of the court, for which it ought not

to be held in fault, and having gone to the expense of constructing the crossing in accordance with its sentence it cannot now be put in the same position as if the sentence as amended had been imposed originally. If a mistake of fact was made in imposing the original sentence, it was not one which needed an experiment to develop. The commonwealth could have ascertained it by very simple investigation, and, if it desired to have it corrected, the time to move the court to that effect was before the defendant had gone to the expense of carrying the sentence to full completion. So also if the commonwealth deemed the sentence erroneous in point of law it could have appealed. It resorted to neither of these remedies, and it was too late after the defendant had gone to the expense of complying with the sentence to correct the mistake by compelling the defendant to go beyond the limits of its right of way and to change the grade of a borough street to the injury, perhaps, of owners of abutting property.

We have already answered, substantially, the contention that if it should be concluded that there was error on the part of the court in passing sentence this court now has opportunity to pass such sentence as the court below ought to have passed and to remit the record for further proceeding. The original sentence is not before us for correction, and certainly it cannot be contended that we may correct the amendment by substituting a sentence compelling the defendant to undo what it was compelled to do by the original sentence. The third assignment of error is sustained and the order of November 7, 1908, is reversed and set aside.