## Commonwealth *v.* Hamel, Appellant.

*Criminal law—Sentence—Suspension of sentence—Payment of costs—Further sentence.*

Where a woman pleads guilty to the charge of keeping a bawdyhouse, and the court sentences her to pay the costs of prosecution, and suspends further sentence, she may after the expiration of the term be sentenced to pay a fine and undergo an imprisonment. In such a case the direction to pay the costs is not a sentence in the sense of being part of the penalty imposed by law, and therefore does not violate the rule that a court has no power to impose two sentences for a single offense by imposing a fine at one term and superadding imprisonment at a later term.

Argued Oct. 4, 1910. Appeal, No. 35, April T., 1911, by defendants, from judgment of Q. S. Cambria Co., June T., 1909, No. 223, on plea of guilty in the case of Commonwealth v. Helen Hamel. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Indictment for keeping a bawdyhouse. Before O'CONNER, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was the sentence of the court imposed on June 14, 1910.

*H. Price Graffius,* for appellant.

*J. W. Leech,* with him *D. P. Weimer,* for appellee.

OPINION BY PORTER, J., November 21, 1910:

The appellant, on June 8, 1909, entered the plea of guilty to an indictment charging her with keeping and maintaining a common bawdyhouse. The record discloses the following action upon this plea, viz.: "June 9th, 1909, defendant sentenced to pay the costs of prosecution, and further sentence suspended." On June 8, 1910, the court directed process to issue for the defendant, and the defendant having been brought in, the court on June 14, 1910, sentenced the defendant to pay a fine of $50.00 and undergo an imprisonment in the county jail for a term of one year less one day. The appellant contends that the court having sentenced her to pay the costs of prosecution and suspended further sentence, it had no authority after the expiration of the term to impose the sentence of June 14, 1910.

A court may suspend the judgment over a criminal, in toto, until another term, but has no power to impose two sentences for a single offense by imposing a fine and at a later term superadding imprisonment: Commonwealth v. Mayloy, 57 Pa. 291; Commonwealth v. Nuber, 6 Pa. Superior Ct. 420. Was the order of the court, made June 9, 1909, directing the defendant to pay the costs of prosecution and suspending further sentence, a sentence within the meaning of the law? The Act of March 31, 1860, sec. 43, P. L. 382, provides that persons guilty of the crime of which the defendant was convicted shall be "sentenced to pay a fine, not exceeding one thousand dollars, and to undergo an imprisonment, not exceeding two years." The offense was a misdemeanor at common law, but the statute which defined it and provided for its punishment makes no mention of costs as a part of the sentence to be imposed. The Criminal Procedure Act of March 31, 1860, sec. 64, P. L. 427, deals with the matter of costs in criminal prosecutions and provides that "in all cases of conviction of any crime, all costs shall be paid by the party convicted; but where such party shall have been discharged, according to law, without payment of costs, the costs of prosecu-

tion shall be paid by the county." The Act of May 19, 1887, sec. 1, P. L. 138, makes the county primarily liable for the costs, in misdemeanors, upon termination of the prosecution by a verdict of the jury and sentence of the court thereon, and the second section of this statute makes provision for the collection of such costs by the county from the party liable therefor. The liability of a defendant, convicted of the misdemeanor with which this appellant was charged, for costs, is not a part of the penalty imposed by the statute which defines and provides for the punishment of the offense. Such liability is an incident of the judgment, arising out of our statutes providing for the payment of costs in criminal proceedings. The direction to pay the costs was, therefore, not a sentence in the sense of its being a part of the penalty imposed by law: Commonwealth v. Nuber, 6 Pa. Superior Ct. 420. The defendant may have paid the costs, but until there was a sentence upon the plea the conviction was incomplete, and she could not have been legally compelled to pay the costs. The liability for costs after a sentence has been imposed, still remains a mere incident of the judgment; and while a pardon from the executive will relieve the defendant of all fines and forfeitures and entitle him to discharge from imprisonment, he will still remain liable for the costs: Commonwealth v. Denniston, 9 Watts, 142; Cope v. Commonwealth, 28 Pa. 297. These considerations led us to hold, in Commonwealth v. Dunleavy, 16 Pa. Superior Ct. 380, that a direction to pay the costs in a criminal proceeding is not a sentence in the sense of its being a part of the penalty imposed by law and that an order of the court suspending sentence on payment of costs is not such a final judgment as will prevent the court, after the expiration of the term, from calling the prisoner for sentence and imposing upon him the penalty affixed by law to the offense. We find nothing in the record to distinguish that case from this. In the present case, it is true, the learned judge of the court below used inaccurate and inapt language in the order which he made. He was

without authority to sentence the defendant to pay costs without first imposing some part of the penalty provided by law for the punishment of the offense. The error was, however, one of form rather than substance and the order was, in effect, a suspension of sentence upon payment of the costs.

The imposition of sentence upon those charged with crime who enter pleas of guilty, or are so found by a jury, frequently demands careful and mature consideration, such as the multiplicity of the duties of a judge, during the holding of a term, will render impossible. The dictates of humanity, regard for the public welfare or the circumstances of the defendant may properly lead the court to postpone sentence until a future time, and the practice of so doing has long and generally prevailed in this state. The opinion of our Brother BEAVER, in Commonwealth v. Dunleavy, 16 Pa. Superior Ct. 380, has cited authorities showing that this practice also prevails in other states and that the effect of a suspension of sentence "leaves it within the power of the court at any time upon the motion of either party to bring the case forward and pass any lawful order or judgment thereon." We are aware that the Supreme Court held, in Wright v. Donaldson and others, 158 Pa. 88, "that the suspension of sentence and the discharge of a defendant from his recognizance and allowing him to go without day," was such a final order as will render the county liable at once for costs under the Act of May 19, 1887, P. L. 138, and that decision was again referred to in Allen v. Delaware County, 161 Pa. 550. The only question involved in that case was the liability of the county for the costs of prosecution, the defendant in the indictment was not even a party to the civil proceeding to recover the costs. That case was clearly distinguishable from this in that the defendant in the criminal prosecution there referred to had been discharged from his recognizance and allowed to go without day. In the present case the record discloses nothing of that kind; the sentence was suspended but the defendant was not discharged. There

was in the present case a mere suspending of active proceedings in the case, which dispensed with the necessity of entering formal continuances and left it within the power of the court to enter upon the defendant's plea of guilty the judgment authorized by law.

The judgment is affirmed and the record is remitted to the court below with direction that the sentence be carried into effect.