## Commonwealth v. Smith

*Stewart Nase,* district attorney, and *J. Stroud Weber,* for Commonwealth.
*Robert Truckess,* for defendant.

KNIGHT, J., May 6, 1932.—The petitioner, as of the above term and number, pleaded guilty to an indictment charging him with violation of the prohibition enforcement Act of March 27, 1923, P. L. 34, and was sentenced by this court to pay a fine of $5000 to the Commonwealth and undergo imprisonment in the Montgomery County Prison for a period of two years. The petitioner served his time in jail, but could not pay the fine. He was finally released by the prison inspectors, upon giving a judgment note for the fine and costs, amounting to $5060.40. Upon this note, judgment was entered against the defendant in Montgomery County.

The sentence was imposed on October 4, 1928, and the defendant released from custody in 1930. He now files this petition, praying that the fine be remitted. An answer had been filed which denies the averment of the petition that the defendant has paid his debt in full to society, and opposes the remission of the fine. The deposition of the petitioner gives as his reasons for remitting the fine that he cannot pay the same, and that the judgment prevents him from selling a house in Montgomery County, title to which is in the names of himself and wife as tenants by the entireties.

As we view it, this, in effect, is an application to amend or reform the sentence, and, as the term in which the sentence was imposed has long since expired, the court has no authority to change its judgment at this time: Com. *v.* Patterson, 5 Luzerne Leg. Reg. 307; Com. ex rel. Nuber *v.* Keeper of the Workhouse, 6 Pa. Superior Ct. 420; Com. *v.* Gillespie, 10 Dist. R. 393.

Section nine of article four, of the Constitution of Pennsylvania, provides that the Governor shall have power to remit fines and forfeitures, but we know of no such authority vested in the courts after the term has expired.

Even had we the authority, we see no merit in this application.

In passing, we might note that if title to the Montgomery County property is in the names of the petitioner and his wife, as tenants by the entireties, we fail to see how the judgment entered against the petitioner could be a lien on the title.

And now, May 6, 1932, the rule is discharged, and the petition dismissed.

From Aaron S. Swartz, Jr., Norristown, Pa.