Commonwealth *v.* Hottle, Appellant.

Argued November 14, 1939.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

*Charles H. Weidner,* with him *M. Bernard Hoffman* and *Stevens & Lee,* for appellant.

*Mark C. McQuillen,* Assistant District Attorney, with him *John A. Rieser,* District Attorney, for appellee.

OPINION BY STADTFELD, J., March 2, 1940:

The appellant was indicted in the court below for unlawfully selling lottery tickets. The prosecution was brought under the Act of March 31, 1860, P. L. 382, §52 et seq. (18 PS §1561 et seq.). He was brought to trial on June 17, 1937. The jury disagreed. At the next term, the appellant pleaded guilty and thereupon the court, by MARX, J., took the following action: "9-16-37 Sentence: Fine $50 costs and probation till paid."

It was not then known to the district attorney nor disclosed to the court that appellant had previously been convicted and sentenced to a prison term of ten months in another county upon charges of impersonating an officer and extortion; nor that he had been

going under an assumed or fictitious name, John Carter, or H. D. Carter, for several years prior thereto.

On September 17 and 18, 1937, appellant paid the fine and costs. The September term of court in which the appellant was sentenced ended on the second Monday of the following December. On November 23, 1937, the court below, acting through SCHAEFFER, P. J., made an order revoking the sentence of September 16, 1937, and directed that defendant be brought before the court for further sentence. On November 24, 1937, a capias was awarded for the production of defendant.

In July, 1939, defendant was taken into custody on the capias and held in the Berks County Prison. He immediately filed a petition for a writ of habeas corpus, challenging the validity of the order directing that he be brought before the court for further sentence. Appellant's petition was dismissed in an opinion by SCHAEFFER, P. J., but appellant was allowed bail for appearance when wanted for further sentence.

On September 28, 1939, the defendant was sentenced by the court below, SCHAEFFER, P. J., to pay a fine of $1000 and undergo imprisonment in Berks County Prison for nine months to run from the day of the sentence. It is from this judgment of sentence that the appellant has taken this appeal.

The appellant contends that under the provisions of Section 2 of the Act of 1911, June 19, P. L. 1055 (19 PS 1052) the judgment or sentence was fully satisfied and probation ceased upon payment of the fine on September 18, 1937, and that the court therefore had no further jurisdiction over the appellant after that time.

The relevant section of the Act of 1911 reads as follows: "In any case where a fine only is imposed, and the defendant might be imprisoned until such fine be paid, the court may direct, as one of the terms of the probation that such fines shall be paid in certain instalments at certain times: Provided, however, That upon payment of the fine, judgment shall be satisfied and pro-

bation cease." It is clear that this provision is inapplicable to the instant case. It manifestly applies to those cases wherein the penalty for an offense calls for the imposition of a fine only or imprisonment in default of payment of a fine imposed. In the present case, the Act of 1860 calls for the imposition of a fine *and* imprisonment, and hence, this section cannot be invoked to sustain appellant's contention. Conceding that defendant may have been placed on probation to insure the collection of the fine imposed, we cannot, with any degree of conviction, regard the probation as being in lieu of the penalty of imprisonment required by the Act of 1860 upon a conviction thereunder. Hence, even the payment of the fine and the termination of probation conditioned thereon does not operate to satisfy the judgment required by the Act of 1860: See *Commonwealth v. Ciccone,* 84 Pa. Superior Ct. 224.

The appellant contends, however, that the imposition of the fine on September 16, 1937, was the imposition of a sentence and final judgment, and therefore, the court had no power to alter the original sentence by reason of the fact that said sentence had been fully executed upon payment of the fine. There would be considerable force to appellant's contention in this respect, if it were not for the presence of one circumstance which we deem controlling. Bearing in mind that the Act of 1860 calls for a sentence of both fine *and* imprisonment, we call attention to the fact that the term of court, within which the original sentence of fine only had been imposed, had not yet expired at the time when the court below sought to alter that sentence so as to conform to the requirements of the statute. The order of the court below, directing that defendant be brought before it for further sentence, was made on November 23, 1937; a capias was awarded for the production of defendant on the following day. Both days were within the September term of court in which defendant had received his original sentence.

The principle is well established that a court has no power to impose two sentences for a single offense by imposing a fine and *at a later term* superadding imprisonment. In *Com. v. Ciccone,* supra, pp. 227, 228, this court said, "By the Act of 1860 the court had the power to fine and imprison; having done either, *the power to resentence expired with the term......*Appellant was fined $500 and paid it, and while he was not then imprisoned, the term of court had expired when the second sentence adding imprisonment was imposed. He is within his rights in now insisting that he could not then be resentenced. 'A court may suspend the judgment over a criminal, in toto, until another term, but has no power to impose two sentences for a single offense by imposing a fine and at a later term superadding imprisonment: *Com. v. Mayloy,* 57 Pa. 291; *Com. v. Nuber,* 6 Pa. Superior Ct. 420': *Com. v. Hamel,* 44 Pa. Superior Ct. 464." (Italics supplied). See also *Haldeman's Petition,* 276 Pa. 1, 4, 119 A. 735.

In *Com. v. Nuber,* supra, pp. 426, 427, this court said, "......it may be urged that the court did not exhaust the penalty and that, inasmuch as the law provides for a fine and imprisonment, the sentence was not complete and, therefore, illegal. But as was said in *Commonwealth v. Mayloy,* supra, 'the common law principle of finality of judgments is at once an answer to the argument and a refutation of the idea that the power to interpose exists after the term has passed'. The power of the court was exhausted; its sentence could not be amended; *'it might have been during term* but not afterward': *Beale v. The Commonwealth,* 25 Pa. 11." (Italics supplied).

In *Com. ex rel. v. Murphy (No. 1),* 45 Pa. Superior Ct. 185, this court, in an opinion by RICE, J., said, p. 190: "There must come a time when this power to reconsider and alter or revoke a sentence must cease, and, by the great weight of authority, it ceases when a new term begins."

By way of modification of the principle we have here-inabove followed, that a court may, within the same term, reconsider, alter or revoke a sentence, appellant urges an exception. It is his contention that where a sentence has been fully executed, the power of the court with reference thereto, even within the same term, is exhausted. In support of this contention, the case of *Com. v. Penna. R. R. Co.,* 41 Pa.. Superior Ct. 29, is cited. In that case, the defendant company was convicted of a nuisance and sentenced to establish a crossing through an embankment in a particular way. The company executed the sentence in the manner specified. The court subsequently sought to amend the sentence so as to require further expenditure by the company upon the crossing. This court, in an opinion also by RICE, J., said, p. 33: ".......where the sentence has been fully executed the power of the court to subject the defendant to additional punishment, whether by a new sentence or an amendment of the original is gone." That case, however, is readily distinguishable from the instant case. In that case the defendant company was con-victed of a common law nuisance and no statutory pre-scribed penalty existed beyond that imposed in the original sentence; in the instant case, the Act of 1860 specifically imposed a penalty of fine *and* imprisonment upon conviction.

To the extent that the court below conformed to the sentence prescribed by the Act by imposing a fine, and with which defendant complied by fully executing it within the term, to that extent do we regard the original sentence as irrevocable and unalterable. Insofar, how-ever, as the court below failed in the first instance to follow the penalty prescribed by the Act, it retained the power within the same term of court, to supply the part of the sentence that was lacking with respect to imposing imprisonment.

Accordingly, the amended sentence of the court below must be modified by striking out the imposition of the

fine of $1000. With this modification, the judgment and sentence of the lower court is affirmed, and the record remitted to the court below, and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.